**12**

## OPINION

PER CURIAM.

A jury convicted appellant of violation of the state securities act and, after finding appellant had previously been convicted of a felony, assessed punishment at confinement for twenty years. The trial court ordered the sentence to be served consecutive to a federal sentence previously assessed against appellant. The Court of Appeals affirmed the conviction. *Cook v. State*, 824 S.W.2d 634 (Tex.App.—Dallas 1991).

Appellant raises three grounds for review. After careful review we refuse appellant's petition for review. However, as is true in every case in which discretionary review is refused, this refusal does not constitute endorsement or adoption of the reasoning employed by the Court of Appeals. *Sheffield v. State*, 650 S.W.2d 813 (Tex.Cr.App.1983). Specifically, we do not agree that failure to object waives any error in an order requiring sentences to be served consecutively. See *Ex parte Voelkel*, 517 S.W.2d 291 (Tex.Cr.App.1975). With this understanding, we refuse appellant's petition for discretionary review.

John H. Hagler (on appeal only), Dallas, for appellant.

Ernie B. Armstrong, Dist. Atty., and Dana W. Cooley, Asst. Dist. Atty., Snyder, Robert Huttash, State's Atty. and Carl E.F. Dally, First Asst. State's Atty., Austin, for the State.

**Jim Bob WEATHERFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 230–92.

Court of Criminal Appeals of Texas, En Banc.

April 15, 1992.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant of theft of oilfield property. The court found the enhancement allegation to be true and assessed punishment at confinement for forty years. The Court of Appeals reversed the conviction. *Weatherford v. State*, 822 S.W.2d 217 (Tex.App.—Eastland, 1991). The State, through the District Attorney of Scurry County and the State Prosecuting Attorney, filed petitions for discretionary review contending that the Court of Appeals failed to address the State's initial reply to appellant's points of error concerning the search and seizure of property from appellant's oilfield property and business office. The State had argued that appel-

lant had not preserved any error for appellate review. The State contends that its argument is dispositive of the case and the Court of Appeals erred by not addressing it. See Tex.R.App.Proc. 90(a). The State also contends that the Court of Appeals failed to conduct a harm analysis under Tex.R.App.Proc. 81(b)(2) after finding the search and seizure to have been improper.

The Court of Appeals sustained appellant's search and seizure points without addressing the State's contention that such issues were not preserved for appellate review. Further, the court did not conduct a harmless error review. Therefore, we summarily grant grounds one and five of the District Attorney's petition for discretionary review and grounds one and four of the State Prosecuting Attorney's petition. See Rules 81(b)(2) and 90(a). The judgment of the Court of Appeals is vacated and the case is remanded to the Court of Appeals to consider the State's grounds so mentioned.

**William Edward WOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 141–92.**

Court of Criminal Appeals of Texas,
En Banc.

April 15, 1992.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and J. Harvey Hudson and Pat Pattillo, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of aggravated assault. The jury assessed punishment at five years imprisonment and a fine of $5,000, but recommended that both be probated. This conviction was affirmed. *Wood v. State*, 822 S.W.2d 213 (Tex.App.—Houston [1st] 1991).

Appellant's petition for discretionary review contends that the Court of Appeals erred in failing to address one of the arguments in support of his first point of error below. Appellant's first point contended that a written statement given to police by the complainant was improperly admitted because it contained inadmissible hearsay and because it constituted improper bolstering. The Court of Appeals held that appellant had failed to preserve his claim that the statement contained inadmissible hearsay, but made no reference to his argument that admission of the statement constituted improper bolstering of the complainant's testimony.