**Earnest KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1625–92.

Court of Criminal Appeals of Texas, En Banc.

Feb. 24, 1993.

---

Danise Crawford, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Kimberly Aperauch Stelter and Terry Yates, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

A jury convicted Appellant of possession of a controlled substance, to-wit cocaine, in an amount less than 28 grams. The conviction was reversed and an acquittal ordered. *King v. State*, 843 S.W.2d 155 (Tex.App.—Houston [14th] 1992). The Court of Appeals held that the evidence was insufficient to show knowledge of the nature of the substance since the evidence showed the cocaine to be incapable of being weighed. The State has filed a petition for discretionary review in which it contends that the Court of Appeals did not consider other evidence showing knowing possession of the controlled substance.

The State argued in the Court of Appeals that prior caselaw required the Court of Appeals to consider other evidence which showed knowledge of the character of the contraband when the substance itself was unable to be weighed. *Shults v. State*, 575 S.W.2d 29 (Tex.Cr.App.1979). See also *Reyes v. State*, 480 S.W.2d 373 (Tex.Cr.App.1972) and *Cantu v. State*, 546 S.W.2d 621 (Tex.Cr.App.1977). The State's brief set out the evidence upon which it relied to show knowing possession of the cocaine. However, the Court of Appeals, while acknowledging the correct rule, failed to directly address the contention by discussing any of the evidence pointed to by the State and by failing to decide whether such evidence was sufficient to show the requisite knowledge. The case upon which the court primarily relied, *Coleman v. State*, 545 S.W.2d 831 (Tex.Cr.App.1977), did not discuss application of the rule in *Shults*.

In *Weatherford v. State*, 828 S.W.2d 12 (Tex.Cr.App.1992), we sustained the State's contention that the Court of Appeals had erred in failing to address its contention that the issues upon which reversal was based were not preserved and remanded the case for full consideration of the State's brief. In *Wood v. State*, 828 S.W.2d 13 (Tex.Cr.App.1992), we held that the failure of the Court of Appeals to address an Appellant's claim that admission of his written statement constituted improper bolstering was error. We remanded the cause to the Court of Appeals for consideration of the issue, stating, "A Court of Appeals shall hand down a written opinion which shall be as brief as possible, but which shall address every issue raised and necessary to the final disposition of the case. Tex.R.App.Proc. 90(a)." The same situation confronts us today.

Accordingly, the judgment of the Court of Appeals is vacated and the cause remanded to the Court of Appeals to address the contentions set forth above and raised in the State's brief in that court.