PD-0441-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/20/2015 3:14:48 PM
Accepted 5/22/2015 10:43:19 AM
ABEL ACOSTA
CLERK

NO. PD-0441-15
IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

NO. 11-13-00056-CR
IN THE COURT OF APPEALS
ELEVENTH JUDICIAL DISTRICT OF TEXAS
EASTLAND, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | APPELLEE |
| | § | |
| V. | § | |
| | § | |
| | § | |
| GORDON STANLEY BLOCKER | § | APPELLANT |

APPEAL FROM COUNTY COURT AT LAW NO. 2
FORT WORTH, TEXAS – TRIAL COURT NO. 1266266

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

May 22, 2015

ABEL ACOSTA, CLERK

W. TROY McKINNEY
SCHNEIDER & McKINNEY, P.C.
TEXAS BAR NO. 13725020
440 LOUISIANA, SUITE 800
HOUSTON, TEXAS 77002
(713) 951-9994
(713) 224-6008 (FAX)
wtmhousto2@aol.com

J. GARY TRICHTER
TRICHTER & MURPHY, P.C.
TEXAS BAR NO. 20216500
2000 SMITH
HOUSTON, TEXAS 77002
713-524-1010
713-524-1072 (FAX)

# Identity of Parties and Counsel

The following is a complete list of all parties to the trial court's judgment, and the names and addresses of all trial and appellate counsel:

Gordon Stanley Blocker       -       Appellant

State of Texas       -       Appellee

W. Troy McKinney       -       Counsel on appeal
440 Louisiana Street, Suite 800
Houston, Texas 77002

William S. Harris       -       Counsel at trial
307 West 7th Street
Suite 1905
Fort Worth, Texas 76102

J. Gary Trichter       -       Counsel at trial and on appeal
2000 Smith Street
Houston, Texas 77002

Anna R. Summersett       -       Assistant District Attorneys at trial
401 W. Belknap Street
Fort Worth, TX 76196

Benson Varghese
401 W. Belknap Street
Fort Worth, TX 76196

Charles M. Malin       -       Assistant District Attorney on appeal
401 W. Belknap Street
Fort Worth, TX 76195

Hon. Brent A. Carr       -       Trial Judge

# Table of Contents

Page

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

List of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement Regarding Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

Procedural History.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

Ground for Review One. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

The court of appeals erred in determining that the search warrant
affidavit was legally sufficient to support a probable cause
determination.

Ground for Review Two. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

The court of appeals erred in finding that the "magistrate could have
found the following facts from [the] affidavit" without addressing the
arguments raised by Appellant with respect to those alleged facts.

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Reason for Granting Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Appendix A. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Appendix B. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# List of Authorities

*Adair v. State*,
 482 S.W.2d 247
 (Tex. Crim. App. 1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Armstrong v. State*,
 845 S.W.2d 909
 (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Ashcraft v. State*,
 934 S.W.2d 727
 (Tex. App.—Corpus Christi
 1996, pet. ref'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cassias v. State*,
 719 S.W.2d 585
 (Tex. Crim. App. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . 4,5,15,18

*Clay v. State*,
 391 S.W.3d 94
 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Curry v. State*,
 815 S.W.2d 263
 (Tex. App.--Houston [14th Dist.]
 1991, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,15

*Crider v. State*,
 352 S.W.3d 704
 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Davis v. State*,
 202 S.W.3d 149
 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,16

*Ford v. State*,
    158 S.W.3d 488
    (Tex. Crim. App. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Franks v. Delaware*,
    438 U.S. 154 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gordon v. State*,
    801 S.W.2d 899
    (Tex. Crim. App. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,14

*Illinois v. Gates*,
    462 U.S. 213 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Jordan v. State*,
    342 S.W.3d 565
    (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Kennedy v. State*,
    338 S.W.3d 84
    (Tex. App.-- Austin 2011, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,14

*King v. State*,
    848 S.W.2d 142
    (Tex. Crim. App. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Mayfield v. State*,
    800 S.W.2d 932
    (Tex. Crim. App. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Rodriguez v. State*,
    232 S.W.3d 55
    (Tex.Cirm.App.2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4,6

*Rumsey v. State*,
    675 S.W.2d 517
    (Tex. Crim. App. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,14

*Sims v. State*,
     99 S.W.3d 600
     (Tex. Crim App. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Starkey v. State*,
     704 S.W.2d 805
     (Tex. App.--Dallas 1985, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . 6,14,18

*Torres v. State*,
     182 S.W.3d 899
     (Tex. Crim. App. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13,16,18

*United States v. Leon*,
     468 U.S. 897 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Weatherford v. State*,
     828 S.W.2d 12
     (Tex. Crim. App. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Wood v. State*,
     828 S.W.2d 13
     (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## Other Statues & Rules

TEX. CODE CRIM. PRO. Art. 18.02 (10). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TEX. R. APP. P. 47.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16,17

TEX. R. APP. P.
     66.3 (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
     66.3(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## Statement Regarding Oral Argument

Appellant requests oral arguments. The court of appeals opinion departs from many of this Court's prior decisions with respect to the consideration of conclusory and unsupported statements in the search warrant affidavit and wholly failed to address the merits of Appellant's claims that statements on which it relied were conclusory or unsupported.

**To the Honorable Judges of the Court of Criminal Appeals:**

Gordon Stanley Blocker, Appellant, by and through his attorneys, W. Troy McKinney and J. Gary Trichter, files this petition for discretionary review.

## Statement of the Case

On November 14, 2011, Appellant was charged by information with driving while intoxicated, alleged to have occurred on November 12, 2011. CR6. Appellant's written motion to suppress was heard in a pretrial hearing conducted on October 26, 2012. 2RR6. The trial court denied the motion to suppress. 2RR28.

On January 11, 2013, pursuant to a plea bargain, Appellant pled and was found guilty and, in accordance with the plea bargain, punishment was assessed at 90 days confinement, probated for one year, and a $500 fine. CR94. Appellant was specifically given permission to appeal by the trial court. CR95.

Appellant filed both his motion for new trial and notice of appeal on January 11, 2013. CR99-102. The motion for new trial was overruled by operation of law.

## Procedural History

The Eleventh Court of Appeals (Eastland) issued its opinion on January 8, 2015.[1]

Appellant timely filed his motion for rehearing on February 23, 2015.[2]  The court of

appeals overruled the motion for rehearing on March 20, 2015.  Pursuant to the orders

of this court, this petition for discretionary review is due to be filed not later than May 20,

2015.

### Ground for Review One

The court of appeals erred in determining that the search warrant affidavit
was legally sufficient to support a probable cause determination.

### Ground for Review Two

The court of appeals erred in finding that the "magistrate could have found
the following facts from [the] affidavit" without addressing the arguments
raised by Appellant with respect to those alleged facts.

---

[1]  On February 11, 2013, this appeal was transferred from the Fort Worth Court of Appeals (cause 02-13-00013-CR) to the Eastland Court of Appeals.  A copy of the court of appeals opinion is attached as Appendix A.

[2]  The court of appeals extended the deadline to file the motion for rehearing to this date.

## Statement of Facts

The search warrant affiant was K. Truly, an officer with the Hurst Police Department. As relevant, the affidavit in support of the search warrant stated:[3]

> 4. On o' [sic] about the 12 day of NOVEMBER, 2011 at approximately 11:42, the suspect did then and there operate a motor vehicle or watercraft in a public place in Tarrant County, Texas while intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol, controlled substance, drug, or a dangerous drug the [sic] suspect's body.
>
> 5. The suspect was operating a motor vehicle or watercraft in a public place in Tarrant County, Texas on the above date based on the following facts:
>
> Probable Cause
>
> [A.][4] Defendant [before described as "Gordon S. Blocker" and as "suspect"] was driving southbound in the 100 block of Hurstview Drive when defendant's vehicle was involved in an accident with a parked vehicle at a garage sale. Defendant continued southbound then turned eastbound onto West Hurst Blvd. (400 West Hurst Blvd). The victim then began following the defendant until the defendant stopped in a parking lot at 600 East Hurst Blvd.
>
> [B.] Officer Hull #547 arrived on scene first and advised the defendant stated he did not realize he was involved in an accident. Defendant was swaying, appeared off-balanced and had watery eyes. He appeared to have difficulty comprehending an accident occurred and that there was any damage to his vehicle.

---

[3]  A copy of the search warrant and the affidavit are attached as an Appendix B.

[4]  The letter labels are not in the search warrant affidavit. They are included here to aid in subsequent discussion.

1

[C.]  I spoke with Defendant on scene. Defendant was stumbling and appeared to have difficulty standing straight.  His speech was slurred and was thick-tongued.  Defendant advised he was coming from his residence in Grapevine to a hotel in Hurst, located at 800 Thousand Oaks (going the wrong direction).  Defendant was unsure what street he was on.  He stated he had not consumed any alcoholic beverages and was not on any medication. He also advised he was healthy and had no medical conditions.

[D.]  Due to defendant being involved in an accident and being unaware, his slurred speech, watery eyes, and off-balanced movements, I requested Defendant to perform SFST's.  Defendant exhibited six clues on the HGN.  On the Walk and Turn, defendant had difficulty following instructions, exhibited seven clues and never fully completed the test.  On the One Leg Stand, instructions were repeated multiple times and defendant again never fully completed the test.

[E.]  I placed the defendant under arrest for D.W.I.  During the interview, defendant agreed to give a sample of his breath.  Results indicated a sample of .028 and .029.  During the test, defendant advised he may have consumed one beverage that contained alcohol.  Defendant also agreed to give a blood sample, but later refused.

The court of appeals held that "the magistrate could have found the following facts from Officer Truly's affidavit:"

(1)     Officer Truly was a peace officer with the Hurst Police Department;

(2)     Appellant was the named suspect, and the Hurst Police Department had custody of him;

(3)     Officer Hull relayed to Officer Truly that Appellant was swaying, appeared off-balanced, had watery eyes, said he did not realize he was involved in an accident, and appeared to have difficulty comprehending an accident occurred and there was any damage to his vehicle;

2

(4) Officer Truly spoke with Appellant and observed that he was stumbling, appeared to have difficulty standing straight, had slurred speech, and was thick-tongued;

(5) Appellant told Officer Truly that he traveled from Grapevine to Hurst and told Officer Truly that he had not consumed any alcoholic beverages, was not on any medication, was healthy, and had no medical conditions;

(6) Officer Truly, based on his observations of Appellant, administered standardized field sobriety tests to Appellant, and Appellant showed signs of intoxication, so Officer Truly arrested Appellant for DWI;

(7) Appellant's breath test results were 0.029 and 0.026; and

(8) Officer Truly requested a blood sample, and Appellant refused to give one.

Slip op at 6.

### Reasons for Granting Review

The court of appeals erred in holding that the affidavit in this case was sufficient to support a probable cause determination and by considering conclusory and unsupported statements in the affidavit. The court of appeals further erred in reaching its decision by not addressing every argument raised by Appellant, even after the failure to do so was brought to its attention in the motion for rehearing.

When the validity of a search warrant is at issue, appellate court's review the determination of the validity of the warrant *de novo*: that is, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that

probable cause existed." **Illinois v. Gates**, 462 U.S. 213 (1983) (internal quotations omitted).

When reviewing a magistrate's probable-cause determination, the reviewing court employs a "highly deferential standard," **Rodriguez v. State**, 232 S.W.3d 55, 61 (Tex. Crim. App. 2007), and should uphold a determination of probable cause provided that the magistrate had a "substantial basis" from which he could conclude that a "search would uncover evidence of wrongdoing," **Gates**, 462 U.S. at 236. However, the deference afforded a magistrate's determination "is not boundless," and a reviewing court "will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" **United States v. Leon**, 468 U.S. 897 (1984) (stating that courts must insist that magistrates perform job in neutral and detached manner and not be rubber stamp for police) (quoting **Gates**, 462 U.S. at 239); **Davis v. State**, 202 S.W.3d 149, 157 (Tex. Crim. App. 2006) (explaining that affidavit does not provide substantial basis when "too many inferences must be drawn.").

The magistrate may interpret the affidavit in a nontechnical, common-sense manner and may draw reasonable inferences from the facts and circumstances contained within its four corners. **Flores**, 319 S.W.3d, at 702; **Cassias**, 719 S.W.2d, at 588-89. However, while "[i]t is one thing to draw reasonable inferences from information clearly

set forth within the four corners of an affidavit . . . [it] is quite another matter to read material information into an affidavit that does not otherwise appear on its face." **Crider v. State** 352 S.W.3d 704 (Tex. Crim. App. 2011), *citing* **Cassias v. State**, 719 S.W.2d at 590. **Compare Jordan v. State**, 342 S.W.3d 565, 571 (Tex. Crim. App. 2011) (date of arrest stated in affidavit was the same date as the warrant, which was issued at 3:42 a.m. -- thus it was inferable that there was no more than a four hour gap between arrest and issuance of the search warrant) and **Crider** 352 S.W.3d at 710 (when date of arrest is the day before the date of the warrant and the affidavit does not state the time on the day before, there cannot be an inference of an unbroken chain of events without specific facts to support such an inference).

To be proper, the accompanying affidavit must provide enough information to allow a magistrate to determine if probable cause exists and to ensure that the magistrate's determination is not "a mere ratification of the bare conclusions of others." **Gates**, 462 U.S. at 239; **see Franks v. Delaware**, 438 U.S. 154, 165 (1978) (explaining that affidavit "must set forth particular facts and circumstances underlying the existence of probable cause" that allow "magistrate to make an independent evaluation of the matter"); **Mayfield v. State**, 800 S.W.2d 932, 934 (Tex. Crim. App. 1990) (affidavit must contain "sufficient information" to support probable-cause finding). Stated differently, an affidavit will not justify the issuance of a search warrant if it simply contains conclusory

statements that provide no basis for determining if probable cause actually exists, **see Rodriguez**, 232 S.W.3d at 61; **Ashcraft v. State**, 934 S.W.2d 727, 733 (Tex. App.—Corpus Christi 1996, pet. ref'd), and an affidavit will only be sufficient if it contains allegations that amount to something greater than the affiant's suspicion or the "repetition of another person's mere suspicion," **Adair v. State**, 482 S.W.2d 247, 249 (Tex. Crim. App. 1972).

In evaluating the sufficiency of an affidavit, conclusory statements and those failing to indicate the source of information are of no probative value and are wholly insufficient to establish probable cause. **Gordon v. State**, 801 S.W.2d 899 (Tex. Crim. App. 1990), (conclusory statements that failed to show the underlying basis of the conclusions did not demonstrate probable cause); **Rumsey v. State**, 675 S.W.2d 517, 519 (Tex. Crim. App. 1984) (court rejected the affidavit even though it expressly asserted that the officer had personal knowledge of the recited conclusions: "the [arresting] officer's `personal knowledge' is but a conclusion, which like any other conclusion stated in an affidavit supporting a warrant must be supported by **facts**" (emphasis in original)); ; **Kennedy v. State**, 338 S.W.3d 84, (Tex. App.-- Austin 2011, no pet.) (statements of officers' "beliefs" "were too conclusory to properly serve as support for a probable cause-determination."); **Starkey v. State**, 704 S.W.2d 805 (Tex. App.--Dallas 1985, pet. ref'd) ("[e]xcept for an oblique reference to an unnamed police officer, [the affidavit] did

6

not state facts indicating the source of [the affiant's] assertions, the statements of independent corroboration were minimal, and the conclusory statement that, in the affiant's belief, the police officer is `credible' is insufficient"); **Curry v. State**, 815 S.W.2d 263, 265-266 (Tex. App.--Houston [14th Dist.] 1991, no pet.) (rejecting an affidavit that constituted no more than unsupported hearsay when it failed to contain any "allegation of personal knowledge of the alleged offense on the part of the affiant," the "affidavits do not contain underlying facts upon which [the conclusions were based]," and because the affidavits contained no "facts or circumstances from which the affiant concluded that . . . the informant was credible and his information reliable.").

The court of appeal's opinion at page six states, "[t]he magistrate makes his determination of probable cause after a review of the entire affidavit, not after a review of isolated statements." While this is true, as far as it goes, it is not legally correct to suggest, much less hold, that a magistrate can consider statements made in the affidavit that are mere conclusions and for which there is no stated basis or foundation for the statements. In this regard, the magistrate, like the court of appeals, was compelled to consider, as argued in Appellant's brief and never addressed in the court of appeal's opinion, whether the "statements" at issue were without legally sufficient foundation or were mere conclusions.

7

The court of appeal's opinion sets out eight "facts" that the court determined the magistrate could have found from the search warrant affidavit. Assuming for the sake of argument that all of these facts were properly supported by the affidavit, the totality of these eight facts are not, as a matter of law, a substantial basis to believe that Appellant was operating a motor vehicle in a public place while intoxicated and that a blood test would produce evidence of such alleged intoxication. Missing from these "facts" is any substantial reason to believe that Appellant had been operating a motor vehicle at any relevant time, that Appellant had been involved in an accident, that there was any reason to believe that Appellant's condition was the result of the introduction of alcohol, drugs, or any other substance, or that a search warrant for blood was likely to produce evidence of intoxication.

Similarly, the court of appeal's statement on page six of its opinion that the magistrate could have considered the eight listed facts in conjunction with any "knowledge, training [or] experience" of either officer is wholly unsupported by anything in the search warrant affidavit, which contains no mention of any "knowledge, training and experience" of either officer. Similarly, contrary to the final sentence on page six of the court of appeal's opinion, nothing in the eight listed facts provides any basis to believe "that Appellant had caused an accident that damaged Appellant's vehicle" precisely because the search warrant affidavit contained no creditable facts that there had

8

been an accident, much less that Appellant had caused any such accident. Finally, given the stated breath test results of .028 and .029, and contrary to the first sentence on page seven of the court of appeal's opinion, there is nothing in the affidavit providing any basis, much less a substantial basis, to believe that a blood test taken at some later time would produce evidence of intoxication that the breath test results had already demonstrated not to be tenable.

Of the eight "facts" the court of appeals found that the magistrate could have found, at least three are either based on mere conclusions or have no stated basis for them within the four corners of the affidavit.

The third of the eight "facts" found by the court of appeals was:

Officer Hull relayed to Officer Truly that Appellant was swaying, appeared off-balanced, had watery eyes, said he did not realize he was involved in an accident, and appeared to have difficulty comprehending an accident occurred and there was any damage to his vehicle.

This finding is based on the paragraph in the affidavit that:

Officer Hull #547 arrived on scene first and advised the defendant stated he did not realize he was involved in an accident. Defendant was swaying, appeared off-balanced and had watery eyes. He appeared to have difficulty comprehending an accident occurred and that there was any damage to his vehicle.

As argued in Appellant's brief, and not addressed in the court of appeals opinion, the claim in the first sentence of this paragraph that "[o]fficer Hull #547 arrived on scene first and advised the defendant stated he did not realize he was involved in an accident"

neither contains any basis for Truly's alleged knowledge nor does it attribute the source of Appellant's alleged statement. Additionally, nothing in the affidavit factually describes the location of the alleged "scene." Finally, nothing in the affidavit states any factually competent basis for any belief that Appellant had been involved in an accident. Conclusions added to conclusions do not create facts nor any factual basis for the alleged conclusions.

Nothing in the affidavit indicates how or from whom Truly gained his alleged knowledge that Hull arrived first on the scene. This statement is wholly conclusory. Nothing in the affidavit advises how or from whom Hull, if he did, came to have a basis for knowing that "the defendant stated he did not realize he was involved in an accident." Simply, nothing in the affidavit indicates or states that Hull ever spoke with Appellant. For all anyone knows from this affidavit, Hull gained this knowledge from some unnamed third person who also had no basis of competent knowledge.

The claims that "[d]efendant was swaying, appeared off-balanced and had watery eyes. He appeared to have difficulty comprehending an accident occurred and that there was any damage to his vehicle" is wholly unattributed. Nothing in the affidavit indicates that this information came from Hull and, even if it did, that Hull had personally observed it, as opposed to hearing about it from some unnamed third person at the unspecified "scene."

10

Nothing in this affidavit indicates what "scene" Hull arrived at or that it was in any way related to any of the facts previously related in the affidavit.

The entirety of this paragraph is unattributed and wholly conclusory. It contains no statement of any factual basis for or source of any of the factual assertions contained within it. It has no probative value in the ultimate resolution of whether this affidavit states probable cause.

Unfortunately, the court of appeal's opinion did not address any of Appellant's arguments either in the opinion or after the failure to do so was pointed out in the motion for rehearing.

The seventh and eight "facts" found by the court of appeals were:

Appellant's breath test results were 0.029 and 0.026; and

Officer Truly requested a blood sample, and Appellant refused to give one.

These facts were based on the paragraph in the affidavit that:

I placed the defendant under arrest for D.W.I. During the interview, defendant agreed to give a sample of his breath. Results indicated a sample of .028 and .029. During the test, defendant advised he may have consumed one beverage that contained alcohol. Defendant also agreed to give a blood sample, but later refused.

As argued in Appellant's brief, nothing in the affidavit indicated that prior to the arrest there was any basis for believing that Appellant had consumed any alcoholic beverage, any drug or controlled substance, or any other substance that would make his

11

reported condition unlawful. Though the post-arrest breath test indicated a very low level of alcohol (.028 and .029 - legally, a .02 and one-quarter of the legal limit), there is no basis stated in the affidavit for the source of the information concerning the alleged breath test results (who obtained them or how) nor for believing that there was probable cause to believe that Appellant was intoxicated on alcohol based on these results.

Though the affidavit states that "during the [breath] test, Defendant advised he may have consumed one beverage that contained alcohol," the basis for this statement is wholly unattributed. Nothing in the affidavit indicates that Truly was involved in the breath test, personally heard the alleged statement, or whether or from whom the alleged statement originated. Likewise, the claim that Appellant originally agreed, but later refused to provide a blood sample is wholly unattributed and conclusory. Neither of these statements has any probative value in the ultimate resolution of whether the affidavit stated probable cause.

TEX. CODE CRIM. PRO. Art. 18.02 (10) allows for the issuance of a warrant for blood only when a person "refuses to submit a breath or blood test." **See Clay v. State**, 391 S.W.3d 94, 97 n.7 (Tex. Crim. App. 2013). In this instance, it is uncontroverted that Appellant consented to a breath test and there is nothing other than an unsupported conclusion indicating that Appellant refused to consent to a blood test. Without probable cause that Appellant refused a blood test, the warrant could not issue.

Even crediting, for the sake of argument, the statements regarding the one drink and the breath test results, nothing, even in a conclusory way, indicates that this breath test result is in any way related to the observed behaviors on the field sobriety tests or that this low level of alcohol could cause such results. Indeed, given the plethora of reported cases indicating that six clues on an HGN can only result from alcohol intoxication (and are only even allegedly validated for that purpose), one could not reasonably conclude that a breath alcohol level of .028 or .029 would produce such clues. Even if clues on an HGN test could be caused by something else, this affidavit contained no factual basis for any such belief.

More importantly, nothing in the affidavit factually indicated any basis for believing that Appellant's condition was the result of the introduction of any drug, controlled substance, or anything else that would make his condition unlawful. Although the final sentence on page three of the affidavit states "[s]uspected impairment caused by [x] Alcohol and Drug," this statement is wholly conclusory and there is no factual basis stated for it – with respect to either alcohol or drugs. **See Torres v. State**, 182 S.W.3d 899 (Tex. Crim. App. 2005) ("the opinions of police officers are [not] reliable . . . if those opinions are expressed without articulation of supporting facts and circumstances.")

Just as importantly, nothing in the affidavit indicates that the listed field sobriety tests, much less the performance and results on them, only (or even probably only) exist

in a person not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a drug, a controlled substance, or some combination thereof. Any such conclusion, based on the four corners of the affidavit, is mere speculation. Ironically, there is not even a conclusory statement (even though this affidavit is otherwise full of them) about the import of the listed results as they relate to drugs, controlled substances, or a very low alcohol level.

Unfortunately, once again, the court of appeals did not address any of the arguments made in Appellant's brief or again brought to its attention in the motion for rehearing.

The court of appeals decision in this case is contrary the holdings of this court in **Gordon v. State**, 801 S.W.2d 899 (Tex. Crim. App. 1990), (conclusory statements that failed to show the underlying basis of the conclusions did not demonstrate probable cause); **Rumsey v. State**, 675 S.W.2d 517, 519 (Tex. Crim. App. 1984) (court rejected the affidavit even though it expressly asserted that the officer had personal knowledge of the recited conclusions: "the [arresting] officer's `personal knowledge' is but a conclusion, which like any other conclusion stated in an affidavit supporting a warrant must be supported by **facts**" (emphasis in original)); ; **Kennedy v. State**, 338 S.W.3d 84, (Tex. App.-- Austin 2011, no pet.) (statements of officers' "beliefs" "were too conclusory to properly serve as support for a probable cause-determination."); and **Starkey v. State**,

14

704 S.W.2d 805 (Tex. App.--Dallas 1985, pet. ref'd) ("[e]xcept for an oblique reference to an unnamed police officer, [the affidavit] did not state facts indicating the source of [the affiant's] assertions, the statements of independent corroboration were minimal, and the conclusory statement that, in the affiant's belief, the police officer is `credible' is insufficient"). It is also contrary to the court of appeals decision in **Curry v. State**, 815 S.W.2d 263, 265-266 (Tex. App.--Houston [14th Dist.] 1991, no pet.) (rejecting an affidavit that constituted no more than unsupported hearsay when it failed to contain any "allegation of personal knowledge of the alleged offense on the part of the affiant," the "affidavits do not contain underlying facts upon which [the conclusions were based]," and because the affidavits contained no "facts or circumstances from which the affiant concluded that . . . the informant was credible and his information reliable.").

In the instant case, the affidavit is riddled with mere conclusions and statements for which there is no stated basis. The court of appeals erred in concluding that the statements contained in the search warrant affidavit were properly considered by the magistrate and erred in finding them sufficient to sustain this search warrant on appeal. This court of appeals further erred in reaching its decision without addressing the arguments made by Appellant in his brief.

Similar efforts to "fill in the gaps" by way of alleged "inference" have been repeatedly rejected by this Court. **See Cassias v. State**, 719 S.W.2d at 590 ( "[i]t is one

15

thing to draw reasonable inferences from information clearly set forth within the four corners of an affidavit . . . [it] is quite another matter to read material information into an affidavit that does not otherwise appear on its face."); **Ford v. State**, 158 S.W.3d 488 (Tex. Crim. App. 2005) ( the court declined to invent a factual basis to save "a conclusory statement that Ford [had] violate[d] a traffic law" based merely on a possibility that there were underlying facts -- actual facts were required to be in the affidavit); **Torres v. State**, 182 S.W.3d 899 (Tex. Crim. App. 2005) (the court again declined to invent underlying facts when "the opinions of police officers are [not] reliable . . . if those opinions are expressed without articulation of supporting facts and circumstances." ). **See also Davis v. State**, 202 S.W.3d at 157 ("[w]hen too many inferences must be drawn, the result is a tenuous rather than substantial basis for the issuance of a warrant.")

TEX. R. APP. P. 47.1 requires the court of appeals to "hand down a written opinion . . . that addresses every issue raised and necessary to disposition of the appeal." To maintain the integrity of the appellate process, and to guard against reaching conclusions without addressing the substance of issues raised by an Appellant, this Court has stressed that Rule 47.1 requires the courts of appeals to do more than what the court of appeals did here:

> As a general proposition, reviewing courts ought to mention a party(s number one argument and explain why it does not have the persuasive force the party thinks it does. The party may be dissatisfied with the decision, but

16

at least he will know the reason he was unsuccessful. This practice maintains the integrity of the system and improves appellate practice.

In this way, Rule 47.1 suggests that the courts of appeals should show their work, much as we had to when learning long division in elementary school
. . .. .

**Sims v. State**, 99 S.W.3d 600, 603-604 (Tex. Crim App. 2003).

This rule requires the court of appeals to do more than just set out a party's argument. It requires the court to "explain why it does not have the force the party thinks it does." **See Armstrong v. State**, 845 S.W.2d 909, 910 (Tex. Crim. App. 1993) ("the court below wholly failed to address the question of whether the prosecutor had a separate duty to disclose the relationship"); **King v. State**, 848 S.W.2d 142, 143 (Tex. Crim. App. 1993) ("The court of appeals, while acknowledging the correct rule, failed to directly address the contention by discussing any of the evidence pointed to by the State"); **Weatherford v. State**, 828 S.W.2d 12 (Tex. Crim. App. 1992) (failure to address preservation issue); **Wood v. State**, 828 S.W.2d 13 (Tex. Crim. App. 1992) (failure to address bolstering claim).

Not once in its opinion, or when again brought to its attention on rehearing, did the court of appeals ever discuss or address Appellant's specific claims that the statements in the affidavit were conclusory and failed to provide any basis for the alleged facts. Despite being cited and discussed in Appellant's brief, the court of appeals failed to even

17

cite, much less discuss the applicability of, **Gordon**, **Rumsey**, **Kennedy**, **Starkey**, **Cassias**, **Ford**, and **Torres**. In failing to do so, the court of appeals wholly failed to "explain why [Appellant's claims did] not have the force [Appellant though it did]" by not even acknowledging the content of the issues raised, much less discussing or deciding them.

This Court should grant review pursuant to TEX. R. APP. P. 66.3 (c) because the court of appeals decided an important question of state law in a way that conflicts with the decisions of this Court in **Gordon**, **Rumsey**, **Kennedy**, **Starkey**, **Cassias**, **Ford**, and **Torres.**

This Court should also grant review pursuant to TEX. R. APP. P. 66.3 (f) because the court of appeals, by failing to address all of the issues and arguments raised by Appellant, has so far departed from the usual and accepted course of judicial proceedings as to call for an exercise of this Court's power of supervision.

## Prayer

Wherefore, premises considered, Appellant prays that this Court grant this petition for discretionary review, sustain Appellant's grounds for review, reverse the court of appeal's decision, and remand the case for a new trial, or, alternatively, to the court of appeals for consideration of the issues raised by Appellant but not addressed by the court of appeals.

18

Respectfully submitted,

Schneider & McKinney, P.C.

/s/ *W. Troy McKinney*

_____

W. Troy. McKinney
T.B.C. No. 13725020
440 Louisiana
Suite 800
Houston, Texas 77002
713-951-9994
713-224-6008 (fax)
Email: wtmhousto2@aol.com


J. Gary Trichter
T.B.C. No. 20216500
Trichter & Murphy, P.C.
2000 Smith
Houston, Texas 77002
713-524-1010
713-524-1072 (FAX)
Email:  gary@texasdwilaw.com

Attorneys for Appellant

19

**Certificate of Service**

This is to certify that on May 20, 2015, a true and correct copy of Appellant's petition for discretionary review was served on the Tarrant County District Attorney's Office by mailing a copy, first class mail, to: 401 W. Belknap Street, Fort Worth, Texas 76196.

*/s/ W. Troy McKinney*

W. Troy McKinney

**Certificate of Compliance**

I certify that this document was prepared with Word Perfect X3, and that, according to that program's word-count function, the sections covered by TEX. R. APP. P. 9.4(i)(1) contain 4476 words.

*/s/ W. Troy McKinney*

W. Troy McKinney

# APPENDIX A

Court of Appeals opinion submitted as an attachment to the electronic filing.

# APPENDIX B

A copy of the search warrant and the affidavit is submitted as an attachment to the electronic filing.



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00056-CR

_____

## GORDON STANLEY BLOCKER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 9

Tarrant County, Texas

Trial Court Cause No. 1266266

## M E M O R A N D U M   O P I N I O N

Gordon Stanley Blocker pleaded guilty to driving while intoxicated (DWI).[1] The trial court assessed punishment at confinement for ninety days and also assessed a $500 fine, but the court suspended Appellant's confinement and placed

---

[1]TEX. PENAL CODE ANN. § 49.04 (West Supp. 2014).

him on community supervision for one year. Appellant challenges the trial court's denial of his motion to suppress blood-draw evidence. We affirm.

## I. *The Charged Offense*

The State charged Appellant by information with the offense of DWI. A person commits the offense of DWI, a Class B misdemeanor, if he is "intoxicated while operating a motor vehicle in a public place." PENAL § 49.04. A Class B misdemeanor is punishable by confinement in jail for a term not to exceed 180 days and by a fine not to exceed $2,000. *Id.* § 12.22 (West 2011).

## II. *Background Facts and Procedural History*

Patrick Kyle Truly, a patrol officer with the Hurst Police Department, testified at a pretrial hearing that he received a dispatch to go to a parking lot in the 600 block of East Hurst Boulevard to respond to a report of a hit-and-run accident. The original accident occurred in the 100 block of Hurstview Drive.

Officer Truly testified that he arrived at the scene and spoke with Officer Hull, who was already there. Officer Truly discovered that Appellant was the driver of one of the vehicles at the scene. Officer Hull informed Officer Truly that Appellant said that he did not realize he had been in an accident and that Appellant was "swaying," "appeared to be off-balance," and "had watery eyes." Officer Truly testified that, in his experience, those were signs of intoxication. Officer Truly spoke with Appellant, and during that conversation, Appellant was "stumbling," "appeared to have difficulty standing straight," had slurred speech, was "thick-tongued," and said that he was "driving from . . . Grapevine to a hotel in Hurst." Officer Truly said that Appellant was headed in the wrong direction to get to the hotel and was unsure of his location.

Officer Truly administered standardized field sobriety tests to Appellant. Appellant showed six clues out of eight on the "horizontal gaze nystagmus" test, seven clues out of eight on the "walk and turn" test, and two clues out of four on

the "one leg stand" test. Appellant's demeanor and his performance on the standardized field sobriety tests gave Officer Truly probable cause to arrest Appellant for DWI; he arrested Appellant and took him to the Hurst jail. While at the jail, Appellant agreed to take a breath test. The breath test results reflected that Appellant had a blood alcohol concentration of 0.029 and 0.026. Officer Truly obtained a search warrant to draw blood from Appellant, and a sample of Appellant's blood was taken. Appellant moved to suppress the blood-test evidence, and the trial court denied the motion. Appellant pleaded guilty and now appeals the trial court's denial of that motion.

### III. *Issue Presented*

Appellant challenges the trial court's denial of his motion to suppress evidence because he claims that the affidavit to obtain the search warrant for a blood draw failed to show probable cause.

### IV. *Standard of Review*

We examine the totality of the circumstances to determine whether facts alleged in a probable cause affidavit sufficiently support a search warrant. *Illinois v. Gates*, 462 U.S. 213, 230–31 (1983). We will interpret the affidavit in a common-sense, rather than hyper-technical, manner. *Id.* at 236. We accord great deference to the magistrate, who may draw reasonable inferences from the facts and circumstances alleged, and will uphold the magistrate's probable cause determination if he "had a 'substantial basis for . . . conclud[ing],' that a search would uncover evidence of wrongdoing." *Id.* at 236 (alterations in original) (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)). But probable cause is not shown where the magistrate has drawn too many inferences and the basis for the affidavit is tenuous instead of substantial. *Davis v. State*, 202 S.W.3d 149, 157 (Tex. Crim. App. 2006).

V. *Analysis*

Police may draw a DWI suspect's blood for investigation when they obtain a search warrant based on an affidavit that presents facts that establish probable cause. *See* U.S. CONST. amend. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 18.01(b), (j) (West Supp. 2014); *Beeman v. State*, 86 S.W.3d 613, 616 (Tex. Crim. App. 2002). Facts establish probable cause if they show that a "fair probability" or "substantial chance" exists that contraband or evidence of a crime will be found at the specified location. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010) (quoting *Gates*, 462 U.S. at 238, 243 n.13). The magistrate uses the totality of the facts and circumstances in the affidavit to determine whether probable cause exists. *Id.* (citing *Gates*, 462 U.S. at 238).

Appellant complains that Officer Truly's affidavit does not show probable cause that Appellant had operated a motor vehicle, that his physical condition was due to the introduction of prohibited substances, and that he had refused a blood test. The probable cause affidavit, which was prepared by Officer Truly, provided in part:

> 5. . . . Defendant was driving southbound in the 100 block of Hurstview Drive when defendant's vehicle was involved in an accident with a parked vehicle at a garage sale. Defendant continued southbound then turned eastbound onto West Hurst Blvd. (400 West Hurst Blvd). The victim then began following defendant until the defendant stopped in a parking lot at 600 East Hurst Blvd.
>
> Officer Hull #647 arrived on scene first and advised the defendant stated he did not realize he was involved in an accident. Defendant was swaying, appeared off-balanced and had watery eyes. He appeared to have difficulty comprehending an accident occurred and that there was any damage to his vehicle.
>
> I spoke with defendant on scene. Defendant was stumbling and appeared to have difficulty standing straight. His speech was slurred and was thick-tongued. Defendant advised he was coming from his

4

residence in Grapevine to a hotel in Hurst, located at 800 Thousand Oaks (going the wrong direction). Defendant was unsure what street he was on. He stated he had not consumed any alcoholic beverages and was not on any medication. He also advised he was healthy and had no medical conditions.

Due to defendant being involved in an accident and being unaware, his slurred speech, watery eyes, and off-balanced movements, I requested defendant to perform SFST's. Defendant exhibited six clues on the HGN. On the Walk and Turn, defendant had difficulty following instructions, exhibited seven clues and never fully completed the test. On the One Leg Stand, instructions were repeated multiple times and defendant again never fully completed the test.

I placed the defendant under arrest for DWI. During the interview, defendant agreed to give a sample of his breath. Results indicated a sample of 0.029 and 0.026. During the test, defendant advised he may have consumed one beverage that contained alcohol. Defendant also agreed to give a blood sample, but later refused.

. . . .

I made the following observations about the suspect:

[Under "Balance," "swaying" and "unsteady" are marked; under "Walking," "staggering" and "swaying" are marked; under "Speech," "slurred" and "thick-tongued" are marked; under "Eyes," "watering" is marked; under "Odor of Alcoholic Beverage on breath," "slight" is marked; and beside "Suspected impairment caused by:" "alcohol & drug" is marked.]

6. I have seen intoxicated persons on many occasions in the past. Based on all of the above and my experience and training, I determined that the suspect was intoxicated, and I placed the suspect under arrest for Driving While Intoxicated. I requested a sample of the suspect's breath and/or blood, which the suspect refused to provide.

Appellant complains that portions of the affidavit are conclusory and that the magistrate had to draw too many inferences to find probable cause. The magistrate makes his determination of probable cause after a review of the entire affidavit, not after a review of isolated statements. *See* CRIM. PROC. art. 18.01(b); *Flores*, 319 S.W.3d at 702. The magistrate could have found the following facts from Officer Truly's affidavit:

(1)  Officer Truly was a peace officer with the Hurst Police Department;

(2)  Appellant was the named suspect, and the Hurst Police Department had custody of him;

(3)  Officer Hull relayed to Officer Truly that Appellant was swaying, appeared off-balanced, had watery eyes, said he did not realize he was involved in an accident, and appeared to have difficulty comprehending an accident occurred and there was any damage to his vehicle;

(4)  Officer Truly spoke with Appellant and observed that he was stumbling, appeared to have difficulty standing straight, had slurred speech, and was thick-tongued;

(5)  Appellant told Officer Truly that he traveled from Grapevine to Hurst and told Officer Truly that he had not consumed any alcoholic beverages, was not on any medication, was healthy, and had no medical conditions;

(6)  Officer Truly, based on his observations of Appellant, administered standardized field sobriety tests to Appellant, and Appellant showed signs of intoxication, so Officer Truly arrested Appellant for DWI;

(7)  Appellant's breath test results were 0.029 and 0.026; and

(8)  Officer Truly requested a blood sample, and Appellant refused to give one.

*See Gates*, 462 U.S. at 236 (explaining that courts review probable cause affidavits using common sense). The magistrate also could have inferred that Officer Hull, who had spoken to Appellant, and Officer Truly, with his knowledge, training, and experience, had deduced that Appellant had operated a vehicle while intoxicated and that Appellant had caused an accident that damaged Appellant's vehicle.

6

Furthermore, the magistrate could have determined that Appellant's blood sample was evidence that would confirm Appellant's intoxication. *See id.* at 240 (explaining magistrates may make reasonable inferences from the facts and circumstances in the affidavit).

We hold that the affidavit outlined facts that showed a "fair probability" or "substantial chance" existed that Appellant's blood contained evidence of DWI. *See Flores*, 319 S.W.3d at 702. The magistrate did not err when he found probable cause based on the affidavit because the totality of the facts and circumstances outlined in the affidavit provided the magistrate with a substantial basis for concluding that a search would uncover evidence of wrongdoing. *See Gates*, 462 U.S. at 236, 238, 240. We hold that the affidavit to obtain the search warrant for a blood draw showed probable cause. Accordingly, we overrule Appellant's sole point of error.

## VI. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON

JUSTICE

January 8, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

7

11-8886

# AFFIDAVIT FOR SEARCH WARRANT

THE STATE OF TEXAS

COUNTY OF   Tarrant                                                    (

The undersigned Affiant, being a peace officer under the laws of Texas and being duly sworn, on oath makes the following statements and accusations:

My name is   K Truly

agency:   Hurst Police Department                                  . I am a peace officer employed by the following law enforcement

1.  There is in Tarrant County, Texas a suspected person ("suspect") described as follows:

Defendant   Gordon S. Blocker

Race:   White                                              Sex:  M     DOB:   11/27/1952     Ethnicity: Non-Hispanic                Age:  59

Hair Color:   Blond or Strwbrr       Eye Color: Gray              Weight: 200          Height: 6' 3"

Social Security #:    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

DL #:   04202707            State: TX          Type/Class: DL            Year Expires: 2011

Place of Birth (city/state):        Galveston, TX

Address:   2802 Highcrest Drive                                        Alias Name:

                                                                        City: Grapevine          State: TX     Zip Code: 76051

Phone #:   (214) 770-2300

2.  Suspect is presently in custody of a law enforcement agency, namely the Hurst Police Department which will present the suspect to execute the warrant requested herein.

3.  The suspect has possession of and is concealing human blood, which constitutes evidence that the suspect committed the offense described in paragraph 4 below.

4.  On or about the 12 day of NOVEMBER, 2011 at approximately 11:42, the suspect did then and there operate a motor vehicle or watercraft in a public place in Tarrant County, Texas while intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol, controlled substance, drug, or a dangerous drug the suspect's body.

5.  The suspect was operating a motor vehicle or watercraft in a public place in Tarrant County, Texas on the above date based on the following facts:

## Probable Cause

Defendant was driving southbound in the 100 block of Hurstview Drive when defendant's vehicle was involved in an accident with a parked vehicle at a garage sale. Defendant continued southbound then turned eastbound onto West Hurst Blvd (400 West Hurst Blvd). The victim then began following defendant until the defendant stopped in a parking lot at 600 East Hurst Blvd.

Officer Hull #547 arrived on scene first and advised the defendant stated he did not realize he was involved in an accident. Defendant was swaying, appeared off-balanced and had watery eyes. He appeared to have difficulty comprehending an accident occurred and that there was any damage to his vehicle.

I spoke with defendant on scene.  Defendant was stumbling and appeared to have difficulty standing straight. His speech was slurred and was thick-tongued. Defendant advised he was coming from his residence in Grapevine to a hotel in Hurst, located at 800 Thousand Oaks (going the wrong direction). Defendant was unsure what street he was on. He stated he had not consumed any alcoholic beverages and was not on any medication. He also advised he was healthy and had no medical conditions.

Due to defendant being involved in an accident and being unaware, his slurred speech, watery eyes, and off-balanced movements, I requested defendant to perform SFST's. Defendant exhibited six clues on the HGN. On the Walk and Turn, defendant had difficulty following instructions, exhibited seven clues and never fully completed the test. On the One Leg Stand, instructions were repeated multiple times and defendant again never fully completed the test.

I placed the defendant under arrest for DWI. During the interview, defendant agreed to give a sample of his breath. Results indicated a sample of 0.029 and 0.026. During the test, defendant advised he may have consumed one beverage that contained alcohol. Defendant also agreed to give a blood sample, but later refused.

## Field Sobriety Tests

I requested performance of field sobriety tests by the suspect and recorded the results and my observations of the suspect's performance of field sobriety tests and signs of intoxication in the attached SFST SCORING SHEET, which is attached hereto and incorporated for all purposes.

*Exhibit B*

11-8886

# AFFIDAVIT FOR SEARCH WARRANT

## Horizontal Gaze Nystagmus

Was HGN Given:                                    [x] Yes        [ ] No

Head Injuries:                                    [ ] Yes        [x] No

Subject Wearing Contacts/Glasses:                [x] Yes        [ ] No      Prescription Glasses

Equal Pupil Size:                                 [x] Yes        [ ] No

Equal Tracking:                                   [x] Yes        [ ] No

Able to Follow Stimulus:                          [x] Yes        [ ] No

Officer held stimulus approximately 12" - 15" in front of
eyes, slightly above eye level:                   [x] Yes        [ ] No

Overhead rotating or strobe lights on:            [ ] Yes        [x] No

Where was defendant facing during HGN test:                       South

Subject Stated Understood HGN Instructions:       [x] Yes        [ ] No

### Clues

Lack of Smooth Pursuit                            [x] Left       [x] Right

Distinct Nystagmus @ Maximum Deviation            [x] Left       [x] Right

Onset of Nystagmus prior to 45 degrees            [x] Left       [x] Right

Vertical Nystagmus                                [ ] Yes        [x] No

Total HGN Clues: (Decision Point 4; Max: 8)            [  6  ]

## Walk and Turn

Was Walk and Turn Given                           [x] Yes                      [ ] No

Defendant was unable to perform test or test was stopped for defendants safety:
                                                                  [x] Yes       [ ] No

Subject Stated Understood Walk and Turn Instructions:             [x] Yes       [ ] No

### Clues                                                        Comments

Cannot Keep Balance during instructions           [x]

Starts Too Soon                                   [x]

Stops While Walking                               [ ]

Misses Heel to Toe                                [x]

Steps Off Line                                    [x]

Uses Arms to Balance                              [x]

Turned Improperly                                 [x]          Never made a turn

Wrong Number of Steps                             [x]          Did not do 9 return steps

Total Walk and Turn Clues: (Decision Point 2; Max: 8)  [  7  ]

11-8886

# AFFIDAVIT FOR SEARCH WARRANT

## One Leg Stand

| | | |
|---|---|---|
| Was One Leg Stand Given | [X] Yes | [ ] No |
| Defendant was unable to perform test or test was stopped for defendants safety: | [X] Yes | |
| Subject Stated Understood One Leg Stand Instructions: | [X] Yes | [ ] No |
| Foot Subject Stood On: | [ ] Left | [ ] No |
| Foot Subject Raised: | [X] Left | [X] Right |
| Type of Footwear Worn: | | [ ] Right |

Tennis Shoes

### Clues

|  | | Comments |
|---|---|---|
| Sways | [ ] | |
| Uses Arms to Balance | [X] | |
| Hops | [ ] | |
| Puts Foot Down | [X] | |
| Total One Leg Stand Clues: (Decision Point 2; Max: 4) | 2 | |

## Vehicle Information

Vehicle Make: Toyota     Year: 2005     Model: Sienna (van)     Body Style: Hardtop, 4-door     Color: Tan

License #: 058JMR     State: TX     VIN: 5TDZA22C55S339371

## Observations

I made the following observations about the suspect:

Clothing description (what subject wore): Blue shirt, Jeans, tennis shoes

| Clothing | Balance | Walking | Speech | Eyes |
|---|---|---|---|---|
| [ ] Disorderly | [X] Swaying | [X] Staggering | [X] Slurred | |
| [ ] Soiled | [X] Unsteady | [ ] Falling | [ ] Incoherent | [ ] Red |
| [ ] Stained | [ ] Needed support | [X] Swaying | [X] Thick-tongued | [X] Watering |
| [ ] Torn | [ ] Falling down | [ ] Heavy Footed | [ ] Slow/stumbled | [ ] Dilated |
| [ ] Orderly | [ ] Normal | [ ] Normal | [ ] Normal | [ ] Droopy eyelids |
| | | | | [ ] Normal |

Odor of Alcoholic Beverage on breath:

[ ] None   [X] Slight   [ ] Moderate   [ ] Strong

Attitude:   [X] Cooperative   [ ] Combative   [ ] Indifferent   [ ] Cocky   [ ] Apologetic   [ ] Uncooperative

Unusual actions observed: Swaying while standing, off-balanced, slurred speech

Suspected impairment caused by:   [ ] Alcohol only   [ ] Drug only   [X] Alcohol & Drug

11-8886

# AFFIDAVIT FOR SEARCH WARRANT

8.   I have seen intoxicated persons on many occasions in the past. Based on all of the above and my experience and training, I determined that the suspect was intoxicated, and I placed the suspect under arrest for Driving While Intoxicated. I requested a sample of the suspect's breath and/or blood, which the suspect refused to provide. Wherefore, Affiant asks for a search warrant that will authorize Affiant or Affiant's agent to search the person of the suspect for the blood evidence described above and seize the same as evidence that the offense described was committed and that the suspect committed said offense. Further Affiant asks for issuance of an order to appropriate third parties directing them to assist Affiant in the execution of said warrant.

_A658_

Affiant

Subscribed and sworn to before me on this _____ day of ___11-12-11_____, 20_____.

_Ken Whiteley_
Magistrate/Notary / Peace officer, State of Texas

On this day, ___11-12-11_____, I hereby acknowledge I have examined the foregoing affidavit along with all evidence available to me, and have determined that probable cause exists for the issuance of a search warrant of the individual accused therein.

_Ken Whiteley_
Magistrate/Judge, Tarrant County, Texas

58

11-8886

STATE OF TEXAS
COUNTY OF    TARRANT

SEARCH WARRANT FOR BLOOD

The State of Texas to the Sheriff or any Peace Officer of TARRANT County, Texas:

GREETINGS

WHEREAS an affidavit in writing, under oath, has been made before me by _____ K Truly . _____ [affiant], which said affidavit is attached hereto and expressly incorporated herein and made a part hereof, and said affidavit and the attachments thereto having stated facts and information in my opinion sufficient to establish probable cause for issuance of this warrant for seizure of BLOOD from the person of _____ Gordon S. Blocker _____ [defendant] described in the affidavit for issuance of this warrant

YOU ARE THEREFORE, COMMANDED to forthwith seize the person of the said _____ Gordon S. Blocker _____ [defendant], and CARRY the said person to a physician, registered nurse, or medical laboratory technician skilled in the taking of blood from the human body and the said physician, registered nurse, or laboratory technician shall take samples of the BLOOD from the person of the said _____ Gordon S. Blocker _____ [defendant] in the presence of a law enforcement officer and deliver the said samples to the said law enforcement officer.

HEREIN FAIL NOT, but have you then and there this warrant within three days, exclusive of the day of its issuance and execution, with your return thereon, showing how you have executed the same.

Issued at __2:45__ (time), __P__ .m., on this the _____ day of __11-22-11__ ,20 ____ , to certify which witness my hand this day.

_Ken Whileley_
Magistrate/Judge

_Hurst, TX_
Court

TARRANT County, Texas

11-8886

**OFFICER'S RETURN ON SEARCH WARRANT FOR BLOOD FROM THE PERSON**

The Search Warrant for blood from the person of _____ Gordon S. Blocker  :  [defendant]
12ᵗʰ day of _Noveubr_ _____, 20 1ᵗ, _____ Gordon S. Blocker _____ [defendant], came to hand on the
12ᵗʰ day of _Novembe_, and was executed on the _____, 20 1ᵗ, by taking the body of _____ Gordon S. Blocker _____ [defendant] to a physician, registered nurse, or
medical laboratory technician skilled in the taking of blood from the human body as directed by the Court where the said physician,
registered nurse, or medical laboratory technician took a sample of the blood from the said
[defendant] in the presence of _____ K Truly _____ [officer], a law enforcement officer, and delivered said _____ Gordon S. Blocker _____
law enforcement officer.

Writ returned on the _____ day of _____, 20 ____.

_____
Officer Executing Warrant

SWORN TO AND SUBSCRIBED to before me, the undersigned authority on this _____ day of _____, _____ _____

_____
Magistrate/Judge,     TARRANT County, Texas

CON 'J                                                                    60