**Sift Oneybunchi IMO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1101–91.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 11, 1991.

Rehearing Denied Jan. 29, 1992.

James P. Finstrom, Jefferson, for appellant.

Tony Hileman, County Atty., Jefferson, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of possession of cocaine, and sentenced to ten years, probated. His conviction was affirmed by the Court of Appeals. *Imo v. State,* 816 S.W.2d 474 (Tex.App.1991). In ground number three of his petition for discretionary review, he alleges that the Court of Appeals erred in holding that it need not apply Article 38.23, V.A.C.C.P., in determining whether the evidence should have been suppressed pursuant to State law.

The Court of Appeals addressed appellant's State and federal constitutional challenges to the search warrant, agreeing with him that the warrant affidavit lacked probable cause and was therefore defective. However, the court below held that under the federal good faith exception set

forth in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), the evidence need not be suppressed. The court did not decide whether the defective warrant required suppression under Article 38.23, supra, holding that the Texas Constitution provides no basis for excluding evidence, and because appellant did not cite Article 38.23, the Code of Criminal Procedure was not raised. We disagree.

In his brief to the Court of Appeals, appellant raised as his first point of error that the warrant affidavit was defective under United States Constitution, Amendment IV, and Texas Constitution, Article I, Section 9. He cited and discussed only Texas cases dealing with exclusion of evidence, and concluded by stating that the evidence should have been suppressed. Although he did not specifically cite to Article 38.23, he did cite to the record, where he requested the evidence be suppressed pursuant to the Code of Criminal Procedure. This Court has recently observed that, pursuant to Tex.R.App.Pro. 74(d), where a point of error directs the attention of the appellate court to the error about which he complains, it is sufficient to require the Court of Appeals to address his contentions. See *Davis v. State*, 817 S.W.2d 345 (Tex.Cr.App.1991). The purpose of an appellate brief is "to acquaint the court with the points relied upon, ... together with such argument of facts and law as will enable the court to decide the same, a substantial compliance with these rules will suffice in the interest of justice; ...." Tex.R.App.Pro. 74(p). In addition, Rule 90(a) requires courts of appeals to hand down a written opinion which addresses every issue raised and necessary to the final disposition of the case. *Id.*

Appellant raised both Texas constitutional and statutory law at trial by way of his motion to suppress as grounds for excluding evidence. Therefore, the provisions of Article 38.23 were automatically invoked. *Polk v. State*, 738 S.W.2d 274, 276 (Tex.Cr.App.1987). On appeal, appellant argued State constitutional grounds and concluded that the evidence seized pursuant to the defective warrant should have been suppressed. This was sufficient to adequately raise the issue of suppression under State law for purposes of appeal. We hold that appellant substantially complied with the rules such that the court below should have addressed this contention raised in point of error number one which was necessary to the disposition of his appeal.

Therefore, ground for review number three of appellant's petition is summarily granted. The judgment of the Court of Appeals is vacated and the case is remanded to that court for consideration of whether the evidence should have been suppressed under Article 38.23, supra. Appellant's remaining grounds are dismissed without prejudice to refile after the Court of Appeals' disposition of the remanded ground.