**William Brooks ARMSTRONG,**
**Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 1483–92.**

Court of Criminal Appeals of Texas,
En Banc.

Jan. 20, 1993.

Frank Jackson, Judith L. White, Dallas, for appellant.

Tom Wells, County Atty., and Kerye Ashmore, Asst. County Atty., Paris, Robert Huttash, State's Atty., Austin, for State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted of murder, and sentenced to confinement for life. His conviction was affirmed by the Court of Appeals. *Armstrong v. State*, 838 S.W.2d 323 (Tex.App.—Texarkana 1992). In ground number two of his petition for discretionary review he alleges that the Court of Appeals failed to address his argument that the prosecutor should have revealed to the trial court his relationship to prospective juror Thornburrow, who later became the jury foreperson.

In his brief to the Court of Appeals, appellant raised as his first point of error that:

> The trial court erred in failing to grant a new trial based on the failure of the jury foreperson and county attorney to disclose during voir dire that they had a significant relationship to each other.

In addition, appellant provided references to the record as to these contentions. The Court of Appeals addressed his point as to

Thornburrow's failure to respond to questioning by the trial court and prosecutor, which would have revealed her long-standing friendship with the elected county attorney. However, the court below wholly failed to address the question of whether the prosecutor had a separate duty to disclose the relationship.

This Court has recently observed that, pursuant to Tex.R.App.Pro. 74(d), where a point of error directs the attention of the appellate court to the error about which he complains, that point of error is sufficient to require the Court of Appeals to address his contentions. See *Davis v. State*, 817 S.W.2d 345 (Tex.Cr.App.1991); *Imo v. State*, 822 S.W.2d 635 (Tex.Cr.App.1991). The rule also provides that "Complaints made as to several issues or findings relating to one ground of recovery or defense may be combined in one point, if separate record references are made." The purpose of an appellate brief is "to acquaint the court with the points relied upon, the manner in which they arose, together with such argument of facts and law as will enable the court to decide the same, a substantial compliance with these rules will suffice in the interest of justice; ...." Tex.R.App. Pro. 74(p). In addition, Rule 90(a) requires courts of appeals to hand down a written opinion which addresses every issue raised and necessary to the final disposition of the case. *Davis*, supra.

Appellant adequately raised both the juror's and the prosecutor's failure to disclose the relationship in question. In addition, he provided separate references to the record regarding each of these contentions. This was sufficient to entitle him to review under Rule 74(d). We hold that appellant substantially complied with the rules such that the court below should have addressed his contention raised in point of error number one.

Therefore, ground for review number two of appellant's petition is summarily granted. The judgment of the Court of Appeals is vacated and the case is remanded to that court for consideration of whether the prosecutor should have disclosed his relationship with a potential juror during the voir dire examination. Appellant's remaining grounds are dismissed without prejudice to refile after the Court of Appeals' disposition of the remanded ground.