FILED IN
URT OF CRIMINAL APPEALS

JAN 23 2015

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 0 8 2015

Abel Acosta, Clerk

PD-1050-14

IN THE TEXAS COURT OF CRIMINAL APPEALS

09-13-00180-CR, 09-13-00181-CR, 09-13-00182-CR, 09-13-00183-CR

| | | |
|---|---|---|
| PETER JAMES MARTIN, Appellant, | § | From the 221st Judicial District |
| v. | § | Court of Montgomery County, TX., |
| | § | Cause 12-03-02604-CR |
| STATE OF TEXAS, Appellee, | § | |

## PRO-SE MOTION TO RELAX PDR BRIEFING RULES IN THE INTEREST OF JUSTICE

The pro-se PDR appellant's last time extension to file was for January 2, 2014. On or about December 24, 2014 Appellant served to the Court and State a 14 page PDR Brief, a 2 page Motion for Leave to File a Supplemental Brief, a 34 page Supplemental Brief: The Pro-Se Identified Reversible Errors, and 57 pages of Appendix exhibits. The PDR and Supplemental Brief are single spaced in their respective "Arguments" sections, and the PDR contains an extensive "Procedural History" section which was unnecessarily repeated in the arguments sections. Appellant is not deliberately trying to evade the Court's rules on space and form limitations by this presentation in this form, but has only tried to conform to the Court's "Misc.Docket No.12-001" November 30, 2012 Order regarding Rule 9.4(e) Typeface which states "A typewritten document must be printed in standard 10 character-per-inch (cpi) monospaced typeface." The copy of the rules Appellant has is from 2011, and he obtained a copy of the "Order Adopting Amendments to the Texas Rules of Appellate Procedure 9, 38, 49, 52, 53, 55, 64, 68, 70 AND 71" from this Court's Clerk in a good faith attempt to follow the rules. Appellant is pro-se and has never before filed any document in any court, using the assistance of his fellow inmates to proceed in this PDR case. If the form of Appellant's presentation to the Court does not confrom to the rules of brieing and form, Appellant requests this Court suspend the rules

-1-

PDR briefing and form rules in the interests of justice. See Tex.R.App.P., Rule 2 ("On a party's motion or on its own initiative an appellate court may-to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure;...") and Rule 9.4 ("Form. Except for the record, a document filed with an appellate court must—unless the court accepts another form in the interest of justice—be in the following form:..."). See Walker v. Thornton,67 S.W.3d 475(Tex.App.-Texarkana 2002 no.pet) (allowing relaxing the briefing rules).

These currently filed comprehensive documents demonstrate amongst other arguments that Appellant was subjected to ineffective assistance of counsel on this record in trial and on direct appeal, and several other constitutional errors that demonstrate prima facie cases of reversible error in all four convictions from the trial court below. See PDR Brief,ii,xii(listing "Arguments" and "Grounds for Review"); Supp.Brief...,ii,vii-ix(listing "Arguments" and "Issues Presented"). Most significantly, Appellant has proven in his case that sheriff's deputys and prosecutor acted in concert to present false testimony and suppress critical exonerating State's evidence to wrongfully convict Appellant, in order to cover-up the arresting deputy's use of unconstitutional and illegal excessive force to arrest Appellant by shooting him while he was fleeing arrest by vehicle. See PDR Brief,9-11; Supp.Brief,20-31. These argument are very difficult even for experienced counsel to properly present to this Court, never mind this pro-se Appellant outrageously subjected to ineffective assistance of trial counsel (who failed to employ Appx.31's "front-view" laser test photo State's evidence to reveal the false testimony and suppressed bullet trajectory evidence) and appeal counsel (who refused to argue anything at all from the major trial defenses presented to the jury). Thus, Appellant's points on appeal should be liberally construed in an effort to decide this case on

-2-

on it's legal merits and not on technical or even substantive defects in the briefs. See Hanby's, Texas Rules of Appellate Procedure, Ann.,158,169(West's 2011 ed.)[citing, Rules 38.1, 38.9, Armstrong v. State,845 S.W.2d 909(Tex.Crim. App.1993) AND OTHER AUTHORITIES). Because Appellant has demonstrated extreme abuse of the judicial process below in his case, this Court should disregard Appellant's pro-se briefing errors. Please note that Appellant has presented this Court with 10 copies of his PDR Brief, Supplemental Brief, Motion for Leave to file Supplemental Brief, and 57 pages of relevant appendix exhibits, in what surely must be one of the most adequate, effective and meaningful PDR presentations to this Court by a pro-se prisoner appellant in years.

WHEREFORE PREMISES CONSIDERED, the Appellant respectfully requests this Court relax the briefing rules in his case in order to expedite a decision for the above state good causes and accept Appellant's currently filed briefs and exhibits in their present form in the interests of justice. Tex.R.App.P., Rules 2,9.4; Walker,67 S.W.3d 475.

I certify and affirm placing a true and correct copy of the foregoing instrument into the prison mailbox with proper first class postage affixed, addressed to the State Prosecutor in Austin and the Montgomery County DA in Conroe on this date January 1,2015.

I PETER JAMES MARTIN declare under penalty of perjury that the above facts are true and correct and the attached amended rules are what this Court's clerk provided to me. EXECUTED ON JANUARY 1,2015.

Respecfully Submitted,

*Peter James Martin*

Peter James Martin, #1846003, pro-se,
Stiles Unit, 3060 FM 3514
Beaumont, Texas 77705

-3-

# IN THE COURT OF CRIMINAL APPEALS

Misc. Docket No. 12-001

## ORDER ADOPTING AMENDMENTS TO THE TEXAS RULES OF APPELLATE PROCEDURE 9,38,49,52,53,55,64,68,70 AND 71

**ORDERED** that:

1.      Pursuant to Section 22.108 of the Texas Government Code, the Court of Criminal Appeals adopts the amendments to Rules 9, 38, 49, 52, 53, 55, 64, 68, 70 and 71of the Texas Rules of Appellate Procedure, as follows, effective December 1, 2012.

2.      The Clerk of the Court of Criminal Appeals is directed to:

   a.      file a copy of this Order with the Secretary of State;

   b.      cause a copy of this Order to be published in the Texas Bar Journal;

   c.      submit a copy of the Order for publication in the Texas Register.

Dated: November 30, 2012.

# Rule 9. Papers Generally

\* \* \*

## 9.4.Form

Except for the record, a document filed with an appellate court must — unless the court accepts another form in the interest of justice — be in the following form:

\* \* \*

(e)*Typeface.* ~~A document must be printed in standard 10-character-per-inch (cpi) nonproportionally spaced Courier typeface or in 13-point or larger proportionally spaced typeface. But if the document is printed in a proportionally spaced typeface, footnotes may be printed in typeface no smaller than 10-point.~~ A document produced on a computer must be printed in a conventional typeface no smaller than 14-point except for footnotes, which must be no smaller than 12-point. A typewritten document must be printed in standard 10-character-per-inch (cpi) monospaced typeface.

\* \* \*

## (i)*Length.*

(1)Contents Included and Excluded. In calculating the length of a document, every word and every part of the document, including headings, footnotes, and quotations, must be counted except the following: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.

(2)Maximum Length. The documents listed below must not exceed the following limits:

(A)A brief and response in a direct appeal to the Court of Criminal Appeals in a case in which the death penalty has been assessed: 37,500 words if computer-generated, and 125 pages if not.

(B)A brief and response in an appellate court (other than a brief under subparagraph (A)) and a petition and response in an original proceeding in the court of appeals: 15,000 words if computer-generated, and 50 pages if not. In a civil case in the court of appeals, the aggregate of all briefs filed by a party must not exceed 27,000 words if computer-generated, and 90 pages if not.

(C)A reply brief in an appellate court and a reply to a response to a petition in an original proceeding in the court of appeals: 7,500 words if computer-generated, and 25 pages if not.

(D)A petition and response in an original proceeding in the Supreme Court, a petition for review and response in the Supreme Court, a petition for discretionary review and response in the Court of Criminal Appeals, and a motion for rehearing and response in an appellate court: 4,500 words if computer-generated, and 15 pages if not.

(E)A reply to a response to a petition for review in the Supreme Court, a reply to a response to a petition in an original proceeding in the Supreme Court, and a reply to a response to a petition for discretionary review in the Court of Criminal Appeals: 2,400 words if computer-generated, and 8 pages if not.

(3)Certificate of Compliance. A computer-generated document must include a certificate by counsel or an unrepresented party stating the number of words in the document. The person certifying may rely on the word count of the computer program used to prepare the document.

(4)Extensions. A court may, on motion, permit a document that exceeds the prescribed limit.

(ij)*Nonconforming Documents.* Unless every copy of a document conforms to these rules, the court may strike the document and return all nonconforming copies to the filing party. The court must identify the error to be corrected and state a deadline for the party to resubmit the document in a conforming format. If another nonconforming document is filed, the court may strike the document and prohibit the party from filing further documents of the same kind. ~~The use of footnotes, smaller or condensed typeface, or compacted or compressed printing features to avoid the limits of these rules are grounds for the court to strike a document.~~

Comment to 2012 Change: Rule 9 is revised to consolidate all length limits and establish word limits for documents produced on a computer. All documents produced on a computer must comply with the word limits. Page limits are retained for documents that are typewritten or otherwise not produced on a computer.

_(signature)_
Sharon Keller, Presiding Judge

_(signature)_
Lawrence E. Meyers, Judge

Tom Price, Judge

_(signature)_
Paul Womack, Judge

Cheryl Johnson, Judge

_(signature)_
Michael E. Keasler, Judge

_(signature)_
Barbara Parker Hervey, Judge

_(signature)_
Cathy Cochran, Judge

Elsa Alcala, Judge

Page 2

Misc. Docket No. 12-001

## Rule 38.  Requisites of Briefs

\*      \*      \*

### ~~38.4.Length of Briefs~~

An appellant's brief or appellee's brief must be no longer than 50 pages, exclusive of the pages containing the identity of parties and counsel, any statement regarding oral argument, the table of contents, the index of authorities, the statement of the case, the issues presented, the signature, the proof of service, and the appendix. A reply brief must be no longer than 25 pages, exclusive of the items stated above. But in a civil case, the aggregate number of pages of all briefs filed by a party must not exceed 90, exclusive of the items stated above. The court may, on motion, permit a longer brief.

## Rule 49. Motion and Further Motion for Rehearing

\* \* \*

### 49.10. Length of Motion and Response

A motion or response must be no longer than 15 pages.

## Rule 52. Original Proceedings

\* \* \*

### 52.6. Length of Petition, Response, and Reply

Excluding those pages containing the identity of parties and counsel, the table of contents, the index of authorities, the statement of the case, the statement of jurisdiction, the issues presented, the signature, the proof of service, the certification, and the appendix, the petition and response must not exceed 50 pages each if filed in the court of appeals, or 15 pages each if filed in the Supreme Court. A reply may be no longer than 25 pages if filed in the court of appeals or 8 pages if filed in the Supreme Court, exclusive of the items stated above. The court may, on motion, permit a longer petition, response, or reply.

## Rule 53. Petition for Review

\* \* \*

### 53.6. Length of Petition, Response, and Reply

The petition and any response must be no longer than 15 pages each, exclusive of pages containing the identity of parties and counsel, the table of contents, the index of authorities, the statement of the case, the statement of jurisdiction, the issues presented, the signature, the proof

of service, and the appendix. A reply may be no longer than 8 pages, exclusive of the items stated above. The Court may, on motion, permit a longer petition, response, or reply.

## Rule 55. Brief on the Merits

\*     \*     \*

### 55.6. Length of Briefs

A brief on the merits or brief in response must not exceed 50 pages, exclusive of pages containing the identity of parties and counsel, the table of contents, the index of authorities, the statement of the case, the statement of jurisdiction, the issues presented the signature, and the proof of service. A brief in reply may be no longer than 25 pages, exclusive of the items stated above. The Court may, on motion, permit a longer brief.

## Rule 64. Motion for Rehearing

\*     \*     \*

### 64.6. Length of Motion and Response

A motion or response must be no longer than 15 pages.

## Rule 68. Discretionary Review With Petition

\*     \*     \*

### 68.5. Length of Petition and Reply

The petition must be no longer than 15 pages, exclusive of pages containing the table of contents, the index of authorities, the statement regarding oral argument, the statement of the case, the statement of procedural history, and the appendix. A reply may be no longer than 8 pages, exclusive of the items stated above. The Court may, on motion, permit a longer petition or reply.

## Rule 70.  Brief on the Merits

\*     \*     \*

## 70.3.Brief Contents and Form

Briefs must comply with the requirements of Rules 9 and 38, except that they need not contain the appendix (Rule 38.1(k)). Copies must be served as required by Rule 68.11.

## Rule 71.  Direct Appeals

\*     \*     \*

## 71.3.Briefs

Briefs in a direct appeal should be prepared and filed in accordance with Rules 9 and 38, except that the brief need not contain an appendix (Rule 38.1(k)), and the brief in a case in which the death penalty has been assessed may not exceed 125 pages. All briefs must be filed in the Court of Criminal Appeals.  The brief must include a short statement of why oral argument would be helpful, or a statement that oral argument is waived.