PD-0715-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/13/2015 8:30:01 PM
Accepted 7/15/2015 4:13:01 PM
ABEL ACOSTA
CLERK

## NO. PD-0715-15

## IN THE
## COURT OF CRIMINAL APPEALS
## OF TEXAS

**LENNIE EARBIN,**
Appellant/Petitioner
Vs.
**THE STATE OF TEXAS,**
Appellee/Respondent

## APPELLANT'S PETITION FOR
## DISCRETIONARY REVIEW

Cause No. 05-14-00508-CR
Court of Appeals, Fifth District
At Dallas, Texas

Cause No. 219-80478-2012
In the 219th District Court
Collin County, Texas

FILED IN
COURT OF CRIMINAL APPEALS

July 15, 2015

ABEL ACOSTA, CLERK

Piper McCraw
SBN 24045261
1504 First Avenue
McKinney, TX 75069
(972)767-6369 Phone
(972)767-6368 Fax
Email: piper@mccrawgantt.com

Attorney for Petitioner/Appellant

# IDENTITY OF JUDGE, PARTIES, AND COUNSEL

| | |
|---|---|
| Appellant | Lennie Earbin |
| Trial Judges | The Honorable Keith Dean<br>First Administrative District<br><br>The Honorable Richard Davis<br>5100 Eldorado Parkway, Suite 102 #<br>725<br>McKinney, TX 75070 |
| Appellant's Trial Attorney | Deric King Walpole<br><br>Nordhaus Walpole<br>P.O. Box 2680<br>McKinney, TX 75070 |
| State's Trial Attorneys | Shannon Miller<br>Justin Johnson<br><br>Collin County District Attorney's Office<br>2100 Bloomdale Road, Suite 200<br>McKinney, TX 75071 |
| Appellant's Attorney on Appeal | Piper McCraw<br>1504 First Avenue<br>McKinney, TX 75069 |
| State's Attorney on Appeal | Emily Johnson-Liu<br><br>Collin County District Attorney's Office<br>2100 Bloomdale Road, Suite 200<br>McKinney, TX 75071 |
| Petition for Discretionary Review Attorney | Piper McCraw<br>1504 First Avenue<br>McKinney, TX 75069 |

# TABLE OF CONTENTS

Identity of Judge, Parties, and Counsel............................................................i

Index of Authorities.............................................................................iv

Statement Regarding Oral Argument...........................................................iv

Statement of the Case.............................................................................1

Statement of Procedural History................................................................1

First Ground For Review..........................................................................1

**The Court of Appeals erred in affirming Appellant's guilt when there is nothing to show upon which counts jurors' relied on for the conviction.**

*Reasons for Review*...............................................................................3

*Arguments and Authorities*......................................................................1

Second Ground for Review...........................................................

**The Court of Appeals erred when they failed to address the insufficiency of evidence issue regarding aggravated sexual assault of a child by contact of Appellant's genitals to complainant's mouth through clothing.**

*Reasons for Review*...............................................................................6

*Arguments and Authorities*......................................................................6

Third Ground for Review..........................................................................9

**The Court of Appeals erred when they failed to address the insufficiency of evidence issue regarding the indecency with a child by contact charge involving contact between Appellant's hand and complainant's genitals.**

*Reasons for Review*...............................................................................10

*Arguments and Authorities*......................................................................9

Fourth Ground for Review........................................................................11

**The Court of Appeals erred when they failed to address the insufficiency of evidence issue regarding aggravated sexual assault of a child by contact of Appellant's male sexual organ to complainant's female sexual organ through clothing.**

*Reasons for Review*...............................................................................12

*Arguments and Authorities*......................................................................11

Prayer..............................................................................13

Certificate of Compliance.................................................14

Certificate of Service.......................................................14

Appendix........................................................................15

    *Earbin v. State*, No. 05-14-00508-CR (Tex. App. Dallas, delivered May 12, 2015)(not designated for publication)................................16-29

## INDEX OF AUTHORITIES

### Cases:

*Allen v. State*, 249 S.W.3d 680, 704 (Tex.App.—Austin 2008, *no pet.*).............10

*Armstrong v. State*, 845 S.W.2d 909, 910 (Tex. Crim. App. 1993)...........6, 10, 12

*Brown v. State*, 508 S.W.2d 91 (Tex. Crim. App. 1974).................................5

*Donoho v. State*, 643 S.W.2d 698, 700 (Tex.Crim.App. 1982).......................8

*Francis v. State*, 36 S.W.3d 121 (Tex. Crim. App. 2000)...............................3

*Guia v. State*, 723 S.W.2d 763, 766 (citing *Resnick v. State*, 574 S.W.2d 558, 570 (Tex. Crim. App. 1978). Cf. *Miles v. State*, 157 Tex. Crim. 188, 247 S.W.2d 898 (1952)....................................................................................7

*Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007)......................10

*Imo v. State*, 822 S.W.2d 635, 636 (Tex. Crim. App. 1991)..................7, 10, 12

*Light v. State*, 15 S.W.3d 104, 105 (Tex. Crim. App. 2000)..................6, 10, 12

*McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369, 110 S. Ct. 1227 (1990).....................................................................................5

*Muniz v. State*, 852 S.W.2d 520, 521 (Tex. Crim. App. 1993)...............7, 10, 12

*Pizzo v. State*, 235 S.W.3d 711 (Tex. Crim. App. 2007)................................3

*Schad v. Arizona*, 501 U.S. 624, 115 L. Ed. 2d 555, 111 S. Ct. 2491 (1991).........5

*United States v. Holley*, 942 F.2d 916 (5th Cir. 1991)...............................3

*Vick v. State*, 991 S.W.2d 830, 832-833 (Tex. Crim. App. 1999).....................3

*Weatherford v. State*, 828 S.W.2d 12, 13 (Tex. Crim. App. 1992)...........6, 10, 12

### Rules and Statutory Provisions:

TEX. CONST. art. V, § 13..............................................................5

TEX. PEN. CODE § 21.11.............................................4, 7, 9, 12, 13

TEX. PEN. CODE § 22.021..........................................................4, 13

TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2012).....................5

Tex. R. App. Pro. 47.1...........................................................6, 10, 12

Tex R. App. Pro. 66.3(b)........................................................6, 10, 12

Tex R. App. Pro. 66.3(f).........................................................6, 10, 12

## STATEMENT REGARDING ORAL ARGUMENT

Appellant believes that oral argument would assist this Court in explication and disposition of the issues presented in this petition. Therefore, Appellant respectfully requests oral argument.

## STATEMENT OF THE CASE

On April 10, 2014, a jury convicted Appellant of Continuous Sexual Abuse of a Child. The Trial Court sentenced him to 25 years in prison. (RR5: 45; RR6: 43; CR: 112-114). Appellant was found not guilty on Count II. (CR: 115). Appellant timely perfected his appeal. (CR: 156). On May 12, 2014, Appellant filed Motion for New Trial, which was overruled by operation of law. (CR: 151).

## STATEMENT OF PROCEDURAL HISTORY

After Appellant's conviction was affirmed on original submission, *Earbin v. State*, No. 05-14-00508-CR (Tex. App. Dallas, delivered May 12, 2015)(not designated for publication), he filed a Petition for Discretionary Review. No Motion for Rehearing was filed. This petition was originally due on June 11, 2015, but on Appellant's Motion, this Court extended the time to July 13, 2015, and it is therefore timely filed.

## FIRST GROUND FOR REVIEW

THE COURT OF APPEALS ERRED IN AFFIRMING APPELLANT'S GUILT WHEN THERE IS NOTHING TO SHOW UPON WHICH COUNTS THE JURORS' RELIED ON FOR THE CONVICTION.

## ARGUMENT

The indictment returned against Appellant alleged the offense of Continuous Abuse of a Child with a victim under the age of 14. The indictment alleged the

1

Appellant committed two counts of sexual abuse. In Count I, five different manner and means were ultimately submitted to the jury for deliberation. The jury returned a guilty verdict to the offense of Continuous Abuse of a Child. There was no determination to which of the five different manner and means Appellant was found guilty of committing.

In order to render a guilty verdict on the Continuous Abuse of a Child charge, the jury must find beyond a reasonable doubt that two or more of the alleged manner and means occurred. Appellant argued on direct appeal that the evidence presented at trial, however, was insufficient to sustain a conviction on three of the five counts charged against him. (Note: the remaining two counts were not challenged on appeal) The three counts challenged were:

A. The indictment alleged that Appellant committed aggravated sexual assault of a child by contact between Appellant's genitals and complainant's mouth.

B. The indictment alleged that Appellant committed indecency with a child by contact between Appellant's hand and complainant's genitals.

C. The indictment alleged that Appellant committed aggravated sexual assault of a child by contact between Appellant's male sexual organ and complainant's female sexual organ.

In resolving the issue, the Court of Appeals did not cite to any dispositive decision on the issue by this Honorable Court or any other court for that matter.

2

The Court of Appeals stated: "Even if the evidence was insufficient to support the acts of aggravated sexual assault, an issue we do not decide, the jury could have convicted appellant of continuous sexual abuse of a child based on these unchallenged acts of sexual abuse". *Earbin v. State*, No. 05-14-00508-CR (Tex. App. Dallas, delivered May 12, 2015)(not designated for publication).

This Honorable Court has rejected grouping aggravated sexual assaults by transaction in *Vick v. State*, and held that conduct oriented offenses proscribe separate and distinct acts of commission. *Vick v. State*, 991 S.W.2d 830, 832-833 (Tex. Crim. App. 1999). Similarly, in *Pizzo v. State*, the analysis made clear that the offense of indecency with a child is a conduct oriented offense as well and each act constitutes a different criminal offense. *Pizzo v. State*, 235 S.W.3d 711 (Tex. Crim. App. 2007). Therefore, juror unanimity is required as to the commission of any one of these acts. Review in this case is therefore necessary and proper pursuant to Tex R. App. Pro. 66.3(c) because the Court of Appeals' decision is in conflict with a decision from this court, namely *Pizzo v. State*, 235 S.W.3d 711 (Tex. Crim. App. 2007) and *Francis v. State*, 36 S.W.3d 121 (Tex. Crim. App. 2000).

In *Francis v. State*, this Court applied the *Holley* reasoning, and found that the jury's charge created the possibility of a non-unanimous jury verdict. *Id.* at 132. *United States v. Holley*, 942 F.2d 916 (5th Cir. 1991).The offenses were

3

charged to the jury in the disjunctive and should not have been, as is the case in this situation. In the instant case, Appellant's right to a unanimous verdict was violated. Appellant was convicted on the unanimous verdict of Continuous Abuse of a Child, but this "umbrella" charge was based on five different manner and means involving offenses including indecency with a child and aggravated sexual assault of a child. It is undisputed that the offenses alleged were separate and distinct transactions occurring at different times, different days, charged in separate manners and means, and charged from two different offenses in the Texas Penal Code, specifically TEX. PEN. CODE § 21.11 and TEX. PEN. CODE § 22.021.

Appellant was convicted without a unanimous verdict specific to any of the manners and means charged. It is extremely likely that several members of the jury convicted Appellant on specific manners and means while several other jurors convicted Appellant on entirely separate manners and means. The possibility of this occurrence is even more egregious in light of the insufficiency of evidence urged on direct appeal for three of the manners and means alleged by the State out of the five total manners and means charged to the jury. Appellant contends that this court is placed in the position of speculation of the fact finders' decisions and ultimate conclusion of guilt. It is a violation of Appellant's due process and right to a fair trial by his peers to be found guilty of an offense that lacks any specificity or certainty as to which acts the jury has found him guilty of committing and

4

ultimately leads to Appellant's conviction of an "umbrella" crime. As discussed in *Schad v. Arizona*, "nothing in our history suggests that the Due Process Clause would permit a State to convict anyone under a charge of 'Crime' so generic that any combination of jury findings of embezzlement, reckless driving, murder, burglary, tax evasion, or littering, for example, would suffice for conviction." *Scahd v. Arizona*, 501 U.S. 624, 115 L. Ed. 2d 555, 111 S. Ct. 2491 (1991). The Texas Constitution requires a unanimous verdict in all felony criminal cases. TEX. CONST. art. V, § 13; *see* TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2012). A unanimous jury verdict ensures that the jury agrees on the factual elements underlying an offense – it is more than mere agreement on a violation of a statute. *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369, 110 S. Ct. 1227 (1990). The unanimity requirement is undercut when a jury risks convicting the defendant on different acts, instead of agreeing on the same act for a conviction. *Id.*

The Appellant is entitled to a unanimous verdict on each of the five manner and means he has been charged with committing. *Brown v. State*, 508 S.W.2d 91 (Tex. Crim. App. 1974). Only then, if convicted on two or more manner and means, should the Appellant be faced with the conviction for Continuous Abuse of a Child.

## SECOND GROUND FOR REVIEW

5

THE COURT OF APPEALS ERRED WHEN THEY FAILED TO ADDRESS THE INSUFFICIENCY OF EVIDENCE ISSUE REGARDING AGGRAVATED SEXUAL ASSAULT OF A CHILD BY CONTACT OF APPELLANT'S GENITALS TO COMPLAINANTS MOUTH THROUGH CLOTHING.

## ARGUMENT

Appellant was charged with aggravated sexual assault of a child by contact between Appellant's genitals and complainant's mouth. The only evidence to support this allegation was contact occurring through clothing. There is absolutely no testimony or evidence in the record to support or demonstrate that Appellant's male sexual organ (by bared genitalia) ever made direct contact with the complainant's mouth. Aggravated sexual assault, specifically by contact between Appellant's mouth to complainant's mouth, cannot be sustained based on contact through clothing only.

In light of the Court of Appeals decision on the first ground (above), this issue was not addressed. Review is proper pursuant to Tex R. App. Pro. 66.3(b) and Tex R. App. Pro. 66.3(f). In addition, pursuant to Tex. R. App. Pro. 47.1, the Court of Appeals are required to review every argument raised by a party that is necessary to disposition of that appeal. Tex. R. App. Pro. 47.1; *Light v. State*, 15 S.W.3d 104, 105 (Tex. Crim. App. 2000); *Armstrong v. State*, 845 S.W.2d 909, 910 (Tex. Crim. App. 1993); *Weatherford v. State*, 828 S.W.2d 12, 13 (Tex. Crim.

6

App. 1992); *Muniz v. State*, 852 S.W.2d 520, 521 (Tex. Crim. App. 1993); *Imo v. State*, 822 S.W.2d 635, 636 (Tex. Crim. App. 1991).

TEX. PEN. CODE § 21.11, the statute for indecency with a child, further clarifies this in part "(c)" by stating "In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1)any touching by a person, including touching through clothing, of any part of the genitals of a child; or (B) any touching of any part of the body of a child, including touching through clothing, with any part of the genitals of a person." TEX. PEN. CODE § 21.11(c)(1),(2).

The reasoning behind allowing "sexual contact" to include "touching through clothing" was addressed by the Court of Criminal Appeals in *Guia v. State* and stated that "the mere interposition of a layer of fabric between a person's hand and the genitals of another did not prevent the occurrence of sexual contact because the touching will still engender the sense of feeling perceived by the person touched." *Guia v. State*, 723 S.W.2d 763, 766 (citing *Resnick v. State*, 574 S.W.2d 558, 570 (Tex. Crim. App. 1978). Cf. *Miles v. State*, 157 Tex. Crim. 188, 247 S.W.2d 898 (1952) (no requirement of flesh to flesh contact in offense of fondling).

This definition for "sexual contact" is strictly limited for application to offense of indecency with a child by the words "in this section" though, and this is

distinguishable from the offense of aggravated sexual assault. We must assume that if the Legislative intent of aggravated sexual assault was meant to include "through clothing" then the language would have been included or the statute would have included the very specific definition of "contact" as done in the indecency with a child statute. This intentional omission by the legislature addresses the fact that "through the clothing" is not part of the aggravated sexual assault offense or any of the pertinent definitions.

The Court of Criminal Appeals has taken a distinguishing position regarding contact between a part of the genitals of one person and the mouth of another person. In *Donoho v. State*, the Court of Criminal Appeals held that under the definition of 'deviate sex intercourse', "any contact between a part of the genitals of one person and the mouth of another person contemplates ... either penetration of the mouth by bared genitalia or placing the mouth directly *on* genitalia of another human being. [T]he conduct of appellant [, whose contact with genitalia was through a layer of clothing,] did not constitute an act of deviate sexual intercourse within the meaning of ... Sec. 21.01(1)." *Donoho v. State*, 643 S.W.2d 698, 700 (Tex.Crim.App. 1982).

Contact between Appellant's genitals and complainant's mouth through clothing only, when charged as aggravated sexual assault, does not support a finding beyond a reasonable doubt because the statute does not provide for

8

touching through clothing. Further there is no binding case law to support a conviction based on contact by mouth to genitals through clothing. The only touching of mouth to genitals must occur through bared genitalia. Had the State charged Appellant with the offense of indecency with a child by "any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person, it is possible that the jury, the fact finders in this case, could have found beyond a reasonable doubt that Appellant committed the offense of indecency with a child because the indecency with a child statute permits the "contact" to occur through clothing. TEX. PEN. CODE § 21.11(c)(2). However, this was not the offense with which Appellant was charged.

## THIRD GROUND FOR REVIEW

THE COURT OF APPEALS ERRED WHEN THEY FAILED TO ADDRESS THE INSUFFICIENCY OF EVIDENCE ISSUE REGARDING THE INDECENCY WITH A CHILD BY CONTACT CHARGE INVOLVING CONTACT BETWEEN APPELLANT'S HAND AND COMPLAINANT'S GENITALS.

## ARGUMENT

Appellant was charged by indictment for indecency with a child by contact between Appellant's hand and complainant's genitals. There is no evidence to support that Appellant's hand ever made contact with complainant's vagina.

9

In light of the Court of Appeals decision on the first ground (above), this ground was not addressed. Review is proper pursuant to Tex R. App. Pro. 66.3(b) and Tex R. App. Pro. 66.3(f). In addition, pursuant to Tex. R. App. Pro. 47.1, the Court of Appeals are required to review every argument raised by a party that is necessary to disposition of that appeal. Tex. R. App. Pro. 47.1; *Light v. State*, 15 S.W.3d 104, 105 (Tex. Crim. App. 2000); *Armstrong v. State*, 845 S.W.2d 909, 910 (Tex. Crim. App. 1993); *Weatherford v. State*, 828 S.W.2d 12, 13 (Tex. Crim. App. 1992); *Muniz v. State*, 852 S.W.2d 520, 521 (Tex. Crim. App. 1993); *Imo v. State*, 822 S.W.2d 635, 636 (Tex. Crim. App. 1991).

Complainant emphatically states that Appellant's hand never touched her vagina. Any conviction on this allegation would be based on mere speculation and is completely unsupported by any facts and evidence.

"Juries are not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions." *Hooper*, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007). "A conclusion reached by speculation ... is not sufficiently based on facts or evidence to support a finding beyond a reasonable doubt." *Id.* Even proof that amounts to a strong suspicion or probability of guilt is insufficient to sustain a conviction. *Allen v. State*, 249 S.W.3d 680, 704 (Tex.App.—Austin 2008, no pet.).

On the record, it is clear that the jury was not rationally justified in finding beyond a reasonable doubt that Appellant committed the act of touching the complainant's genitals with Appellant's hand. Instead, the evidence shows that Appellant touched the complainant's thigh and the area around the complainant's genitals. The evidence was speculative, at best, and throughout both of the complainant's forensic interviews and the complainant's testimony during the trial, the complainant is adamant that Appellant did not touch her vagina.

## FOURTH GROUND FOR REVIEW

THE COURT OF APPEALS ERRED WHEN THEY FAILED TO ADDRESS THE INSUFFICIENCY OF EVIDENCE ISSUE REGARDING AGGRAVATED SEXUAL ASSAULT OF A CHILD BY CONTACT OF APPELLANT'S MALE SEXUAL ORGAN TO COMPLAINANTS FEMALE SEXUAL ORGAN THROUGH CLOTHING.

## ARGUMENT

Appellant was charged with the commission of aggravated sexual assault of a child by contact between Appellant's male sexual organ and complainant's female sexual organ. The only evidence that alludes to this allegation stems from a vague reference to Appellant's "body part" rubbing on complainant's vagina; however, the "body part' is never described with any specificity or further description to indicate that the part referenced is Appellant's male sexual organ. In

11

addition, the only contact between Appellant's male sexual organ and complainant's female sexual organ alleged to have occurred is through clothing. This aggravated sexual assault allegation cannot be sustained based on contact between the sexual organs when the only contact occurred through clothing.

In light of the Court of Appeals decision on the first ground (above), this ground was not addressed. Review is proper pursuant to Tex R. App. Pro. 66.3(b) and Tex R. App. Pro. 66.3(f). In addition, pursuant to Tex. R. App. Pro. 47.1, the Court of Appeals are required to review every argument raised by a party that is necessary to disposition of that appeal. Tex. R. App. Pro. 47.1; *Light v. State*, 15 S.W.3d 104, 105 (Tex. Crim. App. 2000); *Armstrong v. State*, 845 S.W.2d 909, 910 (Tex. Crim. App. 1993); *Weatherford v. State*, 828 S.W.2d 12, 13 (Tex. Crim. App. 1992); *Muniz v. State*, 852 S.W.2d 520, 521 (Tex. Crim. App. 1993); *Imo v. State*, 822 S.W.2d 635, 636 (Tex. Crim. App. 1991).

We must assume that, if the Legislative intent of aggravated sexual assault was meant to include "through clothing", then the language would have been included. TEX. PEN. CODE § 21.11(c) explicitly states "In this section, "sexual contact" means the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, of any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with any part of

12

the genitals of a person." TEX. PEN. CODE § 21.11(c)(1),(2). This definition for sexual contact is strictly limited for application to indecency with a child by the legislature because of the explicit language of "in this section". TEX. PEN. CODE § 21.11(c)(1),(2). If the legislative intent had been to apply the definition of "sexual contact" and to include "touching through clothing" to the offense of aggravated sexual assault, then the language would have been clearly noted and indicated to encompass the offense of aggravated sexual assault under TEX. PEN. CODE § 22.021.

## PRAYER FOR RELIEF

Appellant respectfully prays that this Court grant discretionary review and, after full briefing on the merits, issue an opinion reversing the Court of Appeals' judgment and remanding the cause to the trial court for a new trial.

Respectfully submitted,

/s/ Piper McCraw
Piper McCraw
Bar Card No. 24045261

Piper McCraw, P.C.
1504 First Avenue
McKinney, TX 75069
(972)767-6369 Office
(972)767-6368 Fax
piper@mccrawgantt.com

Attorney for Appellant

13

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of TEX. R. APP. P. 9.4(i).

1. This brief complies with the type-volume limitation of TEX. R. APP. P. 9.4(i)(2)(D) because this brief contains 2, 913 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2. This brief complies with the typeface requirements of TEX. R. APP. P. 9.4(e) and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2011 in 14 point Times New Roman.

/s/ Piper McCraw
Piper McCraw

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review was served on this the 13th day of July, 2015 via the service function in eFile Texas on the attorneys for the State: Emily Johnson-Liu, Assistant District Attorney, Collin County, Texas at ejohnson-liu@co.collin.tx.us and daappeals@collincounty.tx.gov.

/s/ Piper McCraw
Piper McCraw

# APPENDIX

AFFIRM; and Opinion Filed May 12, 2015.

# In The
# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00508-CR

LENNIE P. EARBIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court
Collin County, Texas Trial Court
Cause No. 219-80478-2012

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

Appellant Lennie P. Earbin pleaded not guilty to the offenses of continuous sexual abuse of a child and indecency with a child, both involving his step-granddaughter. A jury convicted appellant of continuous sexual abuse of a child, but acquitted him of indecency with a child. The court sentenced appellant to serve 25 years in prison. In three issues, appellant complains that the trial judge wrongly instructed the venire, the evidence is insufficient to support the conviction, and there was error in the jury charge. We affirm the trial court's judgment. We issue this memorandum opinion because the issues are settled. TEX. R. APP. P. 47.4.

### FACTUAL BACKGROUND

At the time of trial, JH was 14 years old. She testified that when she was around 10 or 11 years old, she lived in an apartment with her mother, who was there on and off; her maternal

16

grandmother (Nana); her maternal great grandmother (Grandma); and appellant, who was Nana's husband and JH's step-grandfather. Grandma mostly stayed in her room watching television with the door closed. Nana was a home health nurse and was gone a lot. JH's mother was also gone a lot doing her "own thing"; she gave custody of JH to Nana. Sometimes JH was home alone with appellant and Grandma, particularly after school.

JH testified that the first thing she remembered appellant doing "was putting a grape in his mouth and giving it to me from his mouth[.]" She did not think there was anything wrong with that and told Nana. Nana did not say anything, but appellant told JH that was "our little secret" and she should not tell people about it. Then she said appellant would sit in a chair and make her sit in his lap "and I would be moving and stuff." She sat "straddle[ed]" appellant, "sitting the opposite direction like face-to-face." She said if appellant "got excited," his penis "would go up" and she said she felt it "against my butt," "rubbing against my butt." This happened through their clothing. JH said appellant breathed "really hard" when that was going on. JH testified that sometimes appellant "put me on the bed" and closed the door. She said he touched her with his hands on her thighs and "butt" and "right before my vagina." She said it happened "many" times, "for a really long time, for years." She said appellant touched her in the garage, living room, and in her bedroom. When he was on the couch in the living room, he would pull JH "towards him over and over again to, I guess, feel." She said she felt his penis "rubbing against my butt." She also testified that appellant touched her "butt" with his hand through her underwear.

JH also testified that on about two occasions appellant "pushed me 'til I was on my knees and he put my face down there, and he would make me rub my face on him." His hand was on the back of her head, moving her head while she struggled to get away. She felt his penis with

her nose and mouth, over his underwear. And she said appellant would also grab her hand and put it "down there over his clothing." She said she could feel his penis with her hand.

JH talked about times in her room when appellant tied a blanket to the upper bunk bed and draped it "like curtains." He got on one side of the blanket and JH was on the other side. He told JH to "bite the part of the blanket that was up high that poked out or something." She said this happened many times and sometimes they were on "different sides" of the bunk beds. She said she would "end up having to bite whatever part it was[.]" She said she did not know what he made her bite. He told JH it was just a game and not to tell anyone.

JH testified that all this sexual contact was through clothing. And when she was asked whether appellant's penis ever touched her vagina, she said no. She said she never felt appellant's penis on her vagina or near her vagina.

JH testified that she loved school and it "was freedom for me from coming home and being touched." One day in late April 2011 when JH was with Nana, she told Nana about some of the things appellant had been doing to her. JH said "[i]t was extremely hard" to tell Nana, because that was her husband. But she felt "relieved" after she told. She said she was closer to Nana than her mother, but Nana started acting "distant" to JH. JH said she eventually told her mother, who called the police, and an investigation was started.

In June 2011, appellant sent his step-daughter, JH's mother, a text message stating:

> Good Morning Mininia! Last night I called my wife and came clean about what happen [sic]. Now I'm apologizing to U and [JH] if U will allow me 2. I did touch [JH] in an inappropriate way, and I'm sorry. I do not want to minimize what I've done but u need [sic] it was not for no long period of time. If u like I can call u and look at u face 2 face to apologize next time I'm home. I know that what ever [sic] relationship we had has been destroyed by me and I'm deeply sorry. I pray that u can find it in u r heart to forgive me somewhere in the future. I realize I need help! I'm asking God almighty to help all of us through this time of heartache. I Love U, [JH], and Jo-Jo!!! For real! PaPa!!!

At some point, JH learned that appellant was being accused of raping her. She said appellant did not rape her, he molested her. She agreed to make a recording in which she recanted the accusations; she said she did it for Nana. But she said she felt terrible afterwards because she lied on the recording. She said everything that she testified about in trial that appellant did to her was true.

## SUFFICIENCY OF THE EVIDENCE

In issue two, appellant argues that the evidence is insufficient to support the conviction for continuous sexual abuse of a child.

### Standard of Review

When an appellant challenges the sufficiency of the evidence to support a conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id.* If the evidence is conflicting, we "'presume that the factfinder resolved the conflicts in favor of the prosecution' and defer to that determination." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). This standard is the same for both direct and circumstantial evidence. *Id.*

### Analysis

A person commits continuous sexual abuse of a child if:

(1)     during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse . . .; and

(2)     at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

19

TEX. PENAL CODE ANN. § 21.02(a) (West Supp. 2014). The jury is not required to agree on which specific act of sexual abuse the defendant committed; it is sufficient if the jury agrees "that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." *Id.* § 21.02(d). A child's testimony alone is sufficient to support a conviction for continuous sexual abuse of a child. TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (West Supp. 2014).

"[A]cts of sexual abuse" for purposes of continuous sexual abuse of a child include indecency with a child and aggravated sexual assault of a child. TEX. PENAL CODE ANN. § 21.02(c)(2), (4). The State sought to prove appellant committed continuous sexual abuse of a child through five different acts of sexual abuse. Two of those acts of sexual abuse were aggravated sexual assault of a child by sexual-organ-to-sexual-organ contact and by contact of the child's mouth to appellant's sexual organ. *See id.* § 22.021(a)(1)(B)(iii)&(v). The remaining three acts of sexual abuse were indecency with a child by contact of the child's buttocks with appellant's sexual organ, the child's genitals with appellant's hand, and the child's hand with part of appellant's genitals. *See id.* § 21.11(a)(1), (c) (West 2011).

Appellant argues that there is no evidence to support the two acts of aggravated sexual assault of a child and no evidence to support one of the acts of indecency with a child—by contact of the child's genitals with appellant's hand. Appellant does not challenge the sufficiency of the evidence with respect to the other two acts of indecency with a child, that is, by contact of the child's buttocks with appellant's sexual organ and the child's hand with part of appellant's genitals.

We have reviewed the record with respect to the two unchallenged acts of sexual abuse. The child testified that appellant made her sit on his lap and she felt his penis on her buttocks. She also testified that appellant forced her hand on his crotch and she felt appellant's penis

20

through his clothes. Even if the evidence was insufficient to support the acts of aggravated sexual assault, an issue we do not decide, the jury could have convicted appellant of continuous sexual abuse of a child based on these unchallenged acts of sexual abuse. We resolve issue two against appellant.

## JUDICIAL COMMENTS DURING VOIR DIRE

In issue one, appellant argues that the trial court gave wrong instructions to the venire and violated his right to be presumed innocent. The State argues that appellant did not preserve this issue for review because he did not object when the comments were made and, even if he had, there was no error. Appellant concedes he did not object, but argues that no objection was required because the instructions constituted fundamental error.

### Standard of Review

Ordinarily a party must object at the time allegedly improper judicial comments are made to complain about those comments on appeal. *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013). We review an allegation that a trial court made improper comments during voir dire as a question of law. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001). And we review those comments in the context of the entire voir dire examination. *See In re Commitment of Wirtz*, 451 S.W.3d 462, 470 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

### The Comments

At the beginning of voir dire, the trial judge gave several opening remarks and explained the voir dire process. He gave examples of how jurors must follow the law even if they disagree with it. He also gave examples of answers that make lawyers "nervous," such as when a person has a strong religious or moral belief that cannot be set aside, because something similar has happened to the person or a family member, or because the person disagrees with the law and

21

refuses to follow the law. Then the judge gave an example to the venire about how they do not know anything about the case they are about to hear:

> Let me give you an example about how you don't know anything about this case. [Venire member].

[VENIRE MEMBER]: Yes, sir.

THE COURT: Where are you? There you are. Oh, you can keep your seat, that's fine. You work at Park Place Lexus over in Plano; is that right?

[VENIRE MEMBER]: That is correct, sir.

THE COURT: Well, you know a friend of mine Craig Ellis. You know Craig?

[VENIRE MEMBER]: I know the name. I don't work with him directly.

THE COURT: Okay, a prince of a guy. I knew him when he worked at another dealership. I recently sold my car and got a different car and now I'm thinking about selling my wife's car and getting a different car. Would you like to buy my wife's car for $15,000?

[VENIRE MEMBER]: Don't know anything about your wife's car. I would have to look at it, sir.

THE COURT: Let me tell you a little bit about it. The first four letters of the type of car, the make of the car is [sic] M-e-r-c. Are you ready?

[VENIRE MEMBER]: Yes, sir.

THE COURT: You want to buy it?

[VENIRE MEMBER]: No, sir.

THE COURT: All right. It's a 2007. Are you ready to buy it?

[VENIRE MEMBER]: No, sir.

THE COURT: All right. It's got 39,000 miles. Pretty low miles for a 2007.

[VENIRE MEMBER]: That is correct.

THE COURT: Are you ready to buy it?

[VENIRE MEMBER]: I'm curious.

THE COURT: You're curious. What you're trying to do right now is decide is it a Mercury or is it a Mercedes. Okay, you know more about my wife's car than you know about this case. So what's your verdict in this case?

[VENIRE MEMBER]: I don't have one, sir.

THE COURT: All right. You don't even know whether this is a criminal case or a civil case where people got in a car wreck and somebody got injured or contracts or a family divorce case. You got no idea, do you?

[VENIRE MEMBER]: No, sir, I'm in a State of Texas courtroom. That's all I know.

THE COURT: That's all you know. I promise you at the end of this part of the trial about this case you'll know absolutely the same amount as you know right now, and you're not willing to buy that car because you just don't know enough about it.

[VENIRE MEMBER]: That's correct, sir.

THE COURT: You may have heard some things you think, hum, I'm starting to draw some conclusions. I'm more interested than I was before but I'm not going to dare -- you'd be silly to tell me you'd buy her car; wouldn't you?

[VENIRE MEMBER]: I would agree with you.

THE COURT: Okay. Just like it would be silly to ask you what your verdict would be in this case until you hear the evidence in this case. So no one is going to ask you what your verdict is. Everybody is going to ask you to follow the law, okay. You should have bought her car, because I'm the one that drove the Mercury and she's the one that drives the Mercedes.

[VENIRE MEMBER]: Good choice.

THE COURT: But even though it might have been what you would have done until you know about it it's just foolish to do something until you know about it.

[VENIRE MEMBER]: I agree, sir.

THE COURT: Just like it's foolish to say what you will or will not do in this case until you know about it.

Appellant argues that "[t]he discussion continued and involved several panel members being asked direct questions by the judge. One of those involved a venire member who was asked whether he could convict based solely on the testimony of a child if he believed the child beyond a reasonable doubt. Earlier, the venire member had expressed concern that it was "one

person's word against another person's word" and agreed with another venire member that "the bar is set fairly high" "when that is the only piece of evidence that you have." The judge was attempting to clarify the venire member's earlier answer and said:

> [Venire member], let me make sure you're not changing the question. The question is you believe the child beyond a reasonable doubt and you're convinced beyond a reasonable doubt of a person's guilt. Not would you be but after you've heard the evidence you are.
>
> . . .
>
> [The prosecutor] was asking if you're convinced beyond a reasonable doubt would you find them guilty and you said, well – you forgot about the part about you're convinced beyond a reasonable doubt and went straight to the part there's one witness and left off the part beyond a reasonable doubt you're convinced.
>
> But if you say I'm never going to be convinced, I'm not even going to keep an open mind then that's one thing. But if you say I'll keep an open mind but I'm telling you it's going to be difficult well, that's fine.
>
> *I would hope nobody would say, oh, it's going to be easy for me to find somebody guilty. It ought to be difficult. It ought to be difficult to find somebody not guilty. It's a difficult job.* You've got to really focus on the evidence and determine in your own mind whether you're convinced.

(Emphasis added.)

The venire member expressed concern that "it's going to be very, very difficult to convince me if it's one person's word against another person's word." The judge reminded the panel that no one had said anything about another person's word, and said:

> I know it's hard not to jump ahead but just like the man who didn't want to buy my car and now he kind of does, you just got to wait to hear everything. You can't draw conclusions before you know what the evidence is because at this point you still haven't heard the evidence.

## Analysis

Appellant argues that the judge's instructions were improper because he "should have first stated that [appellant] is presumed innocent." He contends that the judge's "initial explanation" that was "hammered home with the . . . real world example, asked the jurors to put

themselves into a specific fact pattern, and hold off in making a determination on the defendant's guilt or innocence." But at the point where the judge gave the car example, the judge had not told the venire that the case on trial was a criminal case. Shortly after giving the car example, the judge informed the venire that the case was a criminal case and instructed them on the presumption of innocence:

> Let me explain some things that apply in every case where a person is charged with a criminal offense. Every – well, everything has to start somewhere. Where a trial starts in a criminal case is the presumption of innocence. Just like you learned in eighth grade civic's [sic] class. Everyone is innocent until proven guilty or unless proven guilty.

> Now, how do you prove somebody guilty? The prosecutor has to present evidence. They've got the burden of proof to present evidence that convinces you beyond a reasonable doubt of a person's guilt.

> . . .

> If after you've heard the evidence you are convinced to your own personal satisfaction that you do not have a reasonable doubt as to a person's guilt then the law requires you find them guilty. If once you hear the evidence you think either I'm convinced they didn't do it or I'm just not sure they did it. I'm not convinced they did it. I'm not convinced beyond a reasonable doubt. If you're not convinced beyond a reasonable doubt you're required to find them not guilty.

And then later in voir dire after the exchange between the judge and the venire member about a child as the sole witness, the judge explained:

> But what we want everybody to do is just say I'm going to wait until I hear the evidence.

> You asked me will I find a person guilty. I have no idea until I hear the evidence. Would I find them not guilty. Well, I have no idea until I hear the evidence. I'm going to presume that they're not guilty to start off because I haven't heard any evidence. I'm only going to switch that presumption where I find them guilty and get rid of that presumption once I hear enough evidence to convince me beyond a reasonable doubt. Up until then I'm going to presume him not guilty.

Appellant concedes that the trial judge "went on to define the presumption of innocence," and that he and the State had an opportunity to discuss the presumption with the venire. But he

25

contends that the venire was "already prejudiced by the trial judge's erroneous instruction and real world example upon which to base their decisions throughout the trial."

We have reviewed the complained-of judicial comments in the context of the entire voir dire and have found no support for appellant's arguments. We conclude that the trial judge's comments did not infringe upon appellant's right to be presumed innocent and that an objection was required to preserve a complaint on this issue. Because appellant did not object, this issue presents nothing for our review. We resolve issue one against appellant.

## THE JURY CHARGE

In issue three appellant argues that the jury charge contained reversible error because the definition of indecency with a child did not contain the language "including touching through clothing."

### Standard of Review

In our review of alleged jury charge error, we first determine whether the charge contains error. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). If it does, then we must determine whether the appellant suffered harm. *Id.* Because appellant concedes he did not object to the jury charge on this basis, we examine the record for evidence of egregious harm. *Id.* "Errors that result in egregious harm are those that affect 'the very basis of the case,' 'deprive the defendant of a valuable right,' or 'vitally affect a defensive theory.'" *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005) (quoting *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996), *overruled on other grounds by Gelinas v. State*, 398 S.W.3d 703 (Tex. Crim. App. 2013)). We assess harm in light of the entire jury charge; the state of the evidence, including contested issues and the weight of the probative evidence; the arguments of counsel;

26

and any other relevant information revealed by the record as a whole. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006).

## Analysis

In the statute defining indecency with a child, the legislature defined "sexual contact" to include touching through clothing. TEX. PENAL CODE ANN. § 21.11(c). The jury charge in this case defined "sexual contact" in two different places; one contained the language "including touching through clothing" and the other did not.[1]

Appellant contends that the failure to include the language "including touching through clothing" in the definition of indecency with a child caused him egregious harm because "aggravated sexual assault does not permit a conviction based on . . . contact through clothing." He also argues that it could have caused the jury to be confused about the difference between the allegations of indecency with a child and aggravated sexual assault of a child and could have caused the jury to convict based on acts of sexual abuse for which there was no evidence. Assuming this was error, we conclude that appellant did not suffer egregious harm.

We have said that aggravated sexual assault of a child may be through clothing and reject appellant's argument that the jury could have been confused about the difference between the two offenses based on the failure to include the language "including touching through clothing." *See IslasMartinez v. State*, 452 S.W.3d 874, 879–80 (Tex. App.—Dallas 2014, pet. ref'd). Additionally, we previously concluded that the evidence was sufficient to support the verdict based on the allegations of indecency with a child alone. As a result, the jury's verdict is not based on acts of sexual abuse for which there was no evidence. We conclude that any error in the jury charge was not harmful. We resolve issue three against appellant.

[1] In the jury charge on continuous sexual abuse of a child, the judge listed the following acts of indecency with a child without stating that the sexual contact could be through clothing:

> intentionally or knowingly, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact by touching the buttocks of [JH], a child younger than seventeen (17) years of age and not the spouse of the defendant, by means of defendant's male sexual organ;
>
> . . .
>
> intentionally or knowingly, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact by touching part of the genitals of [JH], a child younger than seventeen (17) years of age and not the spouse of the defendant, by means of defendant's hand;
>
> . . .
>
> intentionally or knowingly, with the intent to arouse or gratify the sexual desire of any person, engage in sexual contact by causing the hand of [JH], a child younger than seventeen (17) years of age and not the spouse of the defendant, to touch part of the genitals of said defendant[.]

## CONCLUSION

We affirm the trial court's judgment.


/Elizabeth Lang-Miers/
---
ELIZABETH LANG-MIERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47

140508F.U05

28

# In The
# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LENNIE P. EARBIN, Appellant

No. 05-14-00508-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 219th Judicial District Court, Collin County, Texas
Trial Court Cause No. 219-80478-2012.
Opinion delivered by Justice Lang-Miers,
Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of May, 2015.